NEW YORK BLDG. & IMP. CO. v. SPRINGFIELD ELEVATOR & PUMP CO.

(Supreme Court, Appellate Division, First Department. December 31, 1900.)

1. CONTRACTS—CONSTRUCTION OF ELEVATOR—REASONABLE COST—CERTIFICATE OF ARCHITECT—CONCLUSIVENESS.

Defendant contracted to put in an elevator for plaintiff to the satisfaction of plaintiff's architect, who was made sole judge and arbitrator as to what should be deemed a compliance with the contract, and agreed that the architect's determination in writing should be binding and conclusive on the parties, and that, if the work was not completed by a certain date, plaintiff could finish it at defendant's expense. Defendant failed to complete the contract, which was finished by plaintiff, and, in an action for the sums expended, introduced the certificate of the architect as to the cost of completion. *Held*, that defendant was not entitled to introduce oral evidence that it had substantially completed the contract, and as to the reasonable value of plaintiff's work, since the certificate of the architect was binding and conclusive.

**2. SAME—PURCHASE OF NEW MACHINERY.**

Defendant contracted to put in an elevator for plaintiff capable of running at a speed of 300 feet per minute, and agreed to complete the work to the satisfaction of plaintiff's architect within a specified period, and, if not completed, plaintiff could finish it at defendant's expense. Defendant failing to complete the work, plaintiff finished it by taking out defective machinery of defendant and replacing it with an elevator capable of a speed of 200 feet per minute, which cost less than the one specified. *Held*, in an action to recover the cost of completion, that the objection that plaintiff had no right to put in an elevator of less speed than the contract required was not well taken, since defendant had no reason to complain if plaintiff chose to put in a less expensive elevator.

**8. SAME—ORAL EVIDENCE—ADMISSIBILITY.**

Where defendant contracted to put in an elevator for plaintiff capable of running at a certain speed per minute, and plaintiff completed the work in accordance with a provision in the contract giving it the right to do so in case defendant failed to finish it within a specified time, defendant, in the absence of evidence that the elevator as constructed by it could have been made to work as specified in the contract by replacing defective machinery, was not entitled to introduce evidence that plaintiff unnecessarily increased the cost of completion by tearing out defendant's machinery and purchasing new, since plaintiff was entitled to complete the machinery so that it would do the work as defendant had agreed, and was not obliged to confine itself to repairing defective machinery.

Appeal from trial term, New York county.

Action by the New York Building & Improvement Company against the Springfield Elevator & Pump Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

John J. Gleason, for appellant.

Charles De H. Brower, for respondent.

RUMSEY, J. The plaintiff brings this action to recover damages for the violation of a contract made between the defendant and itself on the 5th day of March, 1898. On the 22d of October, 1896, the plaintiff, being engaged in the construction of a building, made a contract with the defendant to put elevators therein. The terms of that contract are not necessary to be considered, except so far as to say that the defendant guarantied to do the work to the satisfaction of the architect, and to make good any faults or defects in the work for which it was responsible, and in consideration the plaintiff agreed to pay a certain sum for the work, one half of which was to be paid in 30 days, and the other half in 60 days, after the completion of the elevators. It was claimed by the plaintiff that this contract was not completed by the defendant, and the contract which lies at the basis of this action was the result of that claim. In that contract the making of the original agreement to put in the elevators was recited, as were also the facts that the plaintiff claimed that the contract was not performed; that there was still unpaid the sum of $2,620.26, which the defendant was desirous of having paid before the complete performance of the contract. And in consideration of the payment of that sum it was agreed, among other things, that the defendant would perform "completely every provision and re-

quirement in said contracts contained, on or before the 16th day of May, 1898, to the satisfaction of R. M. Watson, who is hereby made sole judge and arbitrator as to what shall be deemed compliance with the provisions and requirements of said contracts, and whose determination given in writing shall be binding and conclusive upon the parties hereto." It was further agreed that time was of the essence of the contract, and that if before the 16th of May the defendant had not completed the work as required by the contracts, to the satisfaction of said Watson, the plaintiff might, under the direction of Watson, and at the expense of the defendant, complete the work; and in so doing the plaintiff was authorized to replace any part or parts of said elevators and their appurtenances with articles of the make or manufacture of parties other than the defendant. It was alleged in the complaint that the defendant failed to perform the work by the 16th of May; that, on the 17th of May, Watson so certified; and that a copy of Watson's certificate was on that day sent to the defendant, with notice that the plaintiff would proceed to complete the contract at the expense of the defendant. It was further alleged that the plaintiff had completed the contract at an expense of $5,200, and this suit was brought to recover that sum. Upon the trial the foregoing facts were made to appear, and it was further shown by the certificate of Watson and by common-law proof that the reasonable expense incurred by the plaintiff in completing the contract after May 17th was $5,200.

The defendant sought to prove, in the first place, that it had substantially completed the original contracts to put in the elevators, and it excepted to a ruling excluding evidence of that fact. That ruling was not error. The contract upon which this action was brought recited that it was claimed by the plaintiff that the elevators had not been completed, and the new agreement expressly was that the defendant should perform completely every portion and requirement of the original contracts. That provision in the contract necessarily implied that there was still something to be done to make the elevators comply with the requirements of the original contracts, and how that necessity arose is of no importance. The agreement was that the requirements of the contracts should be completely performed, and that Watson's certificate to that effect should be final and conclusive upon the parties; and, when his certificate had been given that the contract of March 5th had not been performed, it was conclusive upon the parties. The rule in such cases is that, where one agrees to be bound as to the fact of the performance of a contract by the certificate of any person who is named therein as arbitrator, that certificate is conclusive, in the absence of proof of bad faith, corruption, or palpable error in the making of it. Smith v. Mayor, etc., 12 App. Div. 392, 42 N. Y. Supp. 522; Commissioners v. Sullivan, 11 App. Div. 472, 42 N. Y. Supp. 358, affirmed in 162 N. Y. 594, 57 N. E. 1123. If the certificate had been given corruptly or in bad faith, or there had been a mistake palpable on its face, that would constitute an affirmative defense, which must be pleaded, and unless it was pleaded the defendant would be in no situation to prove it. Everard v. Mayor, etc., 89 Hun, 425, 35 N. Y. Supp. 315.

The only questions remaining, therefore, were whether the plaintiff had completed the contract in pursuance with its terms, and what was the reasonable expense of that work. The defendant insists that it appears that the plaintiff did not complete the work in compliance with the terms of the contract. It complains that the plaintiff threw out a very large amount of the material which it might have used, and that the contract, when completed, was not the contract which the defendant had agreed to perform. So far as the last objection is concerned, it appears that the contract made by the defendant was to put in an elevator which ran at the speed of 300 feet a minute, whereas the plaintiff only installed machinery capable of running the elevator at the rate of 200 feet a minute. The defendant insists that this it had no right to do. The objection is clearly not well taken. If the plaintiff chose to do so, it was at liberty to put in an elevator running at the speed of 300 feet a minute, and it is in evidence that machinery to run an elevator at that speed would cost more than to run one at the rate of 200 feet. The defendant has no reason to complain if the plaintiff, in completing the work, saw fit to put in an elevator running at a slower speed and costing less than that which it might have put in under the terms of the contract.

Upon the question as to the reasonable cost of doing this work, it appeared by the testimony of the men who completed it that the amount expended was the reasonable cost. It appeared also by the certificate of Watson that that sum was actually paid. The plaintiff insists that that certificate was conclusive with respect to that matter, and that the defendant was not entitled to go beyond it. With that claim we agree. The agreement was that the certificate of Watson stating the amounts expended by the plaintiff in the performance of the contract should be conclusive evidence of those sums. Watson's certificate was produced, and, within the terms of the contract, we think it was conclusive. But there was no evidence to contradict that of the plaintiff as to the reasonable value of the work done by it. The defendant, when he had the case, offered to prove whether or not certain parts of the machinery which were mentioned in the certificate of Watson as defective could not have been procured and placed on the elevators, and that there was no necessity of ripping out all this machinery and replacing it with new. Then it offered to show the cost of buying the parts required and of repairing the machinery. We do not think that, within the terms of the contract, the plaintiff was called upon to content itself simply with replacing parts of the machinery which were said to be defective. It was entitled to have the elevator so completed that it would do the work as well as the defendant had agreed. In doing that it was not called upon to confine itself to the machinery manufactured by the defendant, or to use any portions of that machinery, unless it chose; but, by the express terms of the contract, it was at liberty to use the machinery of other manufacturers. If it saw fit to use machinery manufactured by other parties, it was authorized to take so much of that machinery as might be necessary to finish the work completely and perfectly. It was not called upon to patch up

the imperfect machine furnished by the defendant, or to add to it parts of machinery made by other manufacturers. It may be that if the defective pieces could have been replaced in such a way as to make the elevator work as it was intended to work, and as the defendant had agreed that it should work, in the absence of the certificate of Watson the plaintiff could recover no more than was necessary to replace these pieces; but there was no proof nor offer of proof to establish any such facts. There was no offer to prove that, if these defective parts had been replaced, the machinery would then have been completed in compliance with the terms of the contract which the defendant had originally made. For that reason it was not error for the court to refuse to admit the evidence offered, even if the certificate of Watson was not conclusive in this case. But we think that the certificate was conclusive, and for that reason the ruling was correct, also.

We have examined all the exceptions taken by the defendant, and it seems to us that they are all covered by what has been said in this opinion, and that, within the principles laid down here, the trial court was correct in its conclusion; and the judgment must be affirmed, with costs. All concur.