[No. 11990.   Department Two.   August 17, 1914.]

## A. LINDBLOM, *Appellant*, v. DEED H. MAYAR *et al.*, *Respondents*.[1]

CONTRACTS—BUILDING CONTRACTS—CONDITIONS PRECEDENT—ARCHI-
TECT'S CERTIFICATE—PLEADING AND PROOF. Where a building contract,
as shown by defendants' answer in an action by the contractor to
foreclose a lien thereon, provides for a certificate of completion from
the architect as a condition precedent to recovery, it is the duty of
the contractor to procure the required certificate or show an excuse
for failure to do so, and a complaint fails to state a cause of action
where it alleges employment under the contract and that the build-
ing has been completed, without alleging a demand for the certificate
or that the same has been arbitrarily or capriciously withheld, or
waived by the owners.

SAME—ARCHITECT'S CERTIFICATE—WAIVER. In such a case, the af-
firmative allegations of the answer, that the building "has never been
accepted according to said contract," and a claim for damages re-
sulting from defective construction of the building, do not waive
the provision of the contract requiring the architect's certificate as
a condition precedent to recovery, the former defense being, in sub-
stance, separate from the allegations of damage and not inconsistent
therewith, the defendants offering no evidence in support of the
damages alleged, but asserting their right to the architect's certifi-
cate both in their pleadings and again in a successful motion for
dismissal at the close of plaintiff's case, thereby precluding the
necessity for offering affirmative proof touching the question of dam-
ages, resulting in an abandonment of their claim for an affirmative
judgment.

SAME—ARCHITECT'S CERTIFICATE—FAILURE TO PRODUCE—BURDEN OF
PROOF. In such a case, the burden of proof is upon the plaintiff, not
only as to the merits of his claim, but to show excuse for failure to
produce the architect's certificate as to the proper completion of the
building,

¹Reported in 142 Pac. 695.

TRIAL—DISMISSAL—WITH PREJUDICE. Upon dismissing an action to foreclose a mechanics' lien for failure of the contractor to obtain the architect's certificate as required by the contract, or to plead or prove a demand therefor and a wrongful withholding by the architect, it is error for the court to enter judgment reciting ". . . and this action is hereby dismissed with prejudice," since the judgment is susceptible of being construed as a final adjudication of the right to compensation under the contract, regardless of the future ability of the contractor to obtain the certificate, or to make a showing of arbitrary or capricious refusal of the certificate by the architect.

Appeal from a judgment of the superior court for Chelan county, Grimshaw, J., entered October 11, 1913, dismissing an action to foreclose a mechanics' lien, after a trial on the merits to the court. Modified.

*Reeves, Crollard & Reeves,* for appellant.

*Williams & Corbin,* for respondents.

PARKER, J.—The plaintiff commenced this action in the superior court for Chelan county to foreclose a lien claimed by him upon a lot and building thereon belonging to the defendants, as security for a balance due him upon a contract for the construction of the building, entered into by him with the defendants. At the conclusion of the evidence introduced in plaintiff's behalf, the defendants not having introduced any evidence, the trial court, upon motion by counsel for defendants, dismissed the case, reciting in the final judgment as the reason therefor the following:

". . . for the reason that the plaintiff did not prior to the commencement of this suit, obtain a final certificate from the architect who had supervision of the work performed by the plaintiff for the defendant according. to the contract entered into by and between the plaintiff and the defendant Deed H. Mayar; and for the reason that it was not plead or proven by the plaintiff that such certificate had been demanded and unreasonably, wrongfully or capriciously withheld by the architect . . ."

From this disposition of the cause, the plaintiff has appealed, his principal contention being that the defendants

have waived the benefits of the provisions of the contract relating to certificate by the architect as to the proper completion of the building, so as to entitle him to a decision of the superior court upon the merits of his claim without such certificate by the architect and without any showing by him of wrongful or capricious withholding of such certificate by the architect.

Appellant alleges in his complaint, in very general terms, that he entered into the contract for the construction of the building, for $5,324, without setting out a copy of the contract or any of its terms relative to the supervision of the construction of the building by the architect or his certificates to be issued during the progress of the construction and upon completion. This is followed by allegations that the building has been completed; that certain extra work was performed by him in the construction of the building, amounting in value to $218.25; that $4,638.15 has been paid to him by respondents upon the contract and extra work, leaving a balance of $904.10 due thereon, for which he prays judgment of foreclosure of his claimed lien. Appellant's complaint is wholly silent as to any facts tending to show the necessity for the architect's certificate as a condition precedent to his recovery, and also, of course, is silent as to any excuse for his failure to procure such certificate.

In their answer, respondents deny the allegations of appellant's complaint except as to the entering into the contract, the payment to appellant of the $4,638.15; and allege, as an affirmative defense, or, it might better be said, defenses, that the contract is in writing, setting out a copy thereof, which, so far as we need notice its terms here, is as follows:

"The contractor shall and will provide all the materials and perform all the work for the erection and completion (except the heating, electric wiring and plumbing) of the Leavenworth Echo Building, to be erected on east 25 feet of lots 22, 23, and 24, Bl'k 4, town of Leavenworth, Wash., as

shown on original plat and as shown on the drawings and described in the specifications prepared by C. Ferris White of Spokane, Wash., Architects, which drawings and specifications are identified by the signatures of the parties hereto, and become hereby a part of this contract.

"It is understood and agreed by and between the parties hereto that the work included in this contract is to be done under the direction of the said architects, and that their decision as to the true construction and meaning of the drawings and specifications shall be final.

"It is hereby mutually agreed between the parties hereto that the sum to be paid by the owner to the contractor for said work and materials, shall be five thousand, three hundred and twenty-four dollars ($5,324.00) subject to additions and deductions as hereinbefore provided, and that such sum shall be paid by the owner to the contractor, in current funds, and only upon certificates of the architects, as follows:

"85% of the work done and materials delivered will be paid for from time to time as the work progresses.

"The final payment shall be made within twenty days after the completion of the work included in this contract, and all payments shall be due when certificates for the same are issued."

Respondents also allege, "that the said building has never been completed and has never been accepted according to the contract." Respondents also allege and claim damages as against appellant for $853, resulting to them from defective construction of the building. While they ask affirmative judgment in this sum, it is apparent from their answer as a whole that they are entitled to it only as a set-off against the claim of appellant, and they so treated it by their motion to dismiss.

Replying to the affirmative allegations of respondents' answer, appellant admits the making of the contract as therein alleged, denies, by special reference thereto, respondents' allegation that the building "has never been accepted according to such contract," and denies all of respondents' allegations of damage resulting from defective construction of the building.

It has become the settled law of this state, as it generally prevails elsewhere, that certificates of supervising architects and engineers required by the terms of construction contracts as evidence of progress and completion of the· work as conditions precedent, entitling the contractor to payment for the work, will be given full force and effect; and that the contractor will be denied relief by the courts until he procures the required certificate or shows excuse for failure so to do, · such as arbitrary or fraudulent withholding thereof by the supervising architect or engineer, or by waiver of such certificate ·by the owner. In other words, in the absence of such a showing, the courts will not hear the contractor upon the merits of his claim for compensation. *Craig v. Geddis,* 4 Wash. 390, 30 Pac. 396; *Schmidt v. North Yakima,* 12 Wash. 121, 40 Pac. 790; *Wiley v. Hart,* 74 Wash. 142, 132 Pac. 1015; *Dickerman v. Reeder,* 59 Wash. 405, 109 Pac. 1060; 6 Cyc. 88.

In harmony with this view of the law, it is held that a complaint seeking recovery upon such a contract, the terms of the contract requiring an architect's or engineer's certificate being disclosed ·by a complaint, fails to state a cause of action, in the absence of a pleading of facts showing an excuse for failure to produce the architect's certificate. Dealing with a complaint of this character, the court of appeals of New York, in *Weeks v. O'Brien,* 141 N. Y. 199, 36 N. E. 185, said:

"By the true construction of the building contract, the procuring by the plaintiff of the certificate of the architect that the building had been completed, was a condition precedent to his right to recover under the contract the last installment of $6,185, for which this action is brought. To meet this condition and to show a right of action it should have been averred in the complaint, either generally or specially, that the conditions precedent had been performed, or if the plaintiff relied upon a matter excusing him from procuring the certificate, the facts should have been stated. (*Thomas v. Fleury,* 26 N. Y. 26; *Bowery National Bank v.*

*Mayor, etc.,* 63 id. 336; *Doll v. Noble,* 116 id. 233; *Oakley v. Morton,* 11 id. 25.) The complaint neither averred that the certificate had been procured, nor that it was unreasonably withheld. A copy of the contract containing the provision as to the architect's certificate was annexed to the complaint. The action was upon the contract, and the complainant alleged performance by the plaintiff and that the building had been substantially completed according to its terms. The contract made the architect's certificate the evidence of that fact, and the plaintiff could not recover upon an allegation of performance upon proving that the building had in fact been completed, without procuring the architect's certificate, or showing that it had been unreasonably refused, or that the defendant had waived its production."

See 6 Cyc. 93, and notes. In the case before us, however, appellant's complaint failed to disclose the fact that, by the terms of the contract, the procuring of the architect's certificate was a condition precedent to appellant's right to recover unless excused by arbitrary or capricious action on the part of the architect, or that it was waived by respondents. It seems clear to us, however, that the burden of showing such excuse or waiver rested upon appellant in this case as soon as these terms of the contract were disclosed by the record and admitted to exist, the same as if the terms of the contract had appeared in the complaint, which would have required an affirmative pleading therein of facts showing an excuse for such failure.

Now, the substance of the principal contention of counsel for appellant upon the question of respondents' waiver of the provisions requiring the architect's certificate as a condition precedent to his right to receive payments, seems to be that such waiver occurred by the affirmative allegations of respondents' answer. It seems to us that such waiver did not so occur; but that the contrary was, in substance, asserted by the allegations of the answer, setting up the contract in full, and alleging that the building "has never been accepted according to said contract." Nor do we think the waiver occurred by the allegation of damages relative to defective

construction, when taken in connection with the allegations we have just noticed, which are, in substance, a separate defense from the allegations of damage. These allegations of damage are not inconsistent with the allegation of failure of acceptance according to the terms of the contract, nor did respondents offer any evidence upon the trial in support of these allegations. Had they done so, and thus submitted to the court the entire controversy between themselves and appellant upon the merits, it might well be said that they thereby waived their right to the architect's certificate as a condition precedent to appellant's right to recover upon the merits. They asserted that right in substance in their answer, and also asserted it again in their motion for dismissal at the close of appellant's evidence, before they offered any evidence whatever. Their contention thus made being successful, it was unnecessary for them to offer affirmative proof touching the question of their claimed damages, in so far as such proof might constitute a defense to appellant's claim; and in so far as such proof might constitute a foundation for an affirmative judgment against appellant, they then abandoned, as they had the right to do, their claim for an affirmative judgment. Up to that point, there was no question before the court except the question of appellant's right to recover, apart from the question of respondents' claimed damages. Up to that point, the burden of proof was upon appellant not only upon the merits of his claim, but also upon the question of his excuse for failure to produce the architect's certificate of proper completion of the building.

Counsel for appellant cite and principally rely upon *Summerlin v. Thompson,* 31 Fla. 369, 12 South. 667; *Healy v. Fallon,* 69 Conn. 228, 37 Atl. 495; and *Everard v. Mayor, etc. of New York,* 89 Hun 425, 35 N. Y. Supp. 315. A critical reading of the *Summerlin* and *Healy* cases, we think, will show that, in each of them, the whole controversy was voluntarily submitted to the court upon the merits by both parties, who ignored the question of the necessity of the

architect's certificate until after verdict, and thereby, as was held, waived that question. In the *Everard* case, the certificate of the architect was introduced for the purpose of showing that arbitration had been had under the terms of the contract, as an affirmative defense when such defense has not been pleaded. That was not a case of failure on the part of the claimant to show the required architect's certificate, but an attempt on the part of the owner to affirmatively prove a defense he had not pleaded.

Some contention is made that the evidence introduced in behalf of appellant was sufficient to show a waiver of the architect's certificate on the part of respondents. We are of the opinion, however, that it was not sufficient to establish such a waiver, conceding it was introduced without objection from respondents' counsel.

It is contended by counsel for appellant that the trial court erred in the form of its judgment. The motion for dismissal made by counsel for respondents at the conclusion of appellant's evidence was simply this: "At this time we move that the action be dismissed for the reason . . ." The judgment, as finally entered by the court is, "that said motion be, and the same is, hereby sustained, and this action is hereby dismissed with prejudice." It is insisted that the court was in error in dismissing the action "with prejudice." We are constrained to agree with this contention, in view of the fact that the judgment is susceptible of being construed as a final adjudication of appellant's right to compensation under the contract, regardless of his future obtaining the architect's certificate, and regardless of his future showing of arbitrary or capricious refusal of the architect to furnish such certificate. It seems to us, the judgment should go no farther than to dismiss the case, especially in view of the form of respondents' motion therefor, and not attempt to adjudicate such rights as may become perfected in the appellant in the future. Conditions may arise showing that this particular action was simply prematurely brought. Whether such would

be the effect of a judgment rendered in the terms as asked for by the respondents need not now be decided. We conclude that the judgment should be corrected by striking therefrom the words "with prejudice," and, as so amended, stand affirmed. It is so ordered.

In view of this disposition of the cause, we conclude that neither party should recover costs in this court. It is so ordered.

CROW, C. J., MOUNT, FULLERTON, and MORRIS, JJ., concur.