[No. 19912.  Department One.  August 5, 1926.]

Frank Olmstead, *Appellant,* v. R. E. Downie, *doing business as R. E. Downie Lumber & Pole Company, Respondent.*[1]

[1] Evidence (179)—Parol Evidence as to Writings—Construc-
tion of Written Contract—Ambiguity as to Subject Matter.
Parol evidence is not admissible to explain an ambiguity in a
contract as to the meaning of "merchantable" timber, where the
contract itself defines merchantability to mean such as the
C. company will accept on the scale of a licensed scaler.

[2] Contracts (136)—Performance or Breach — Approval of Ar-
bitrators or Others.  Where the merchantability of logs was
to be determined by their acceptance by the C. company, logs
not accepted cannot be claimed to be merchantable in the ab-
sence of allegation or proof that the refusal to accept them was
arbitrary.

[3] Same (136).  An offer to prove by a single witness that logs in
his opinion were merchantable, when the contract provided that
their merchantability would be determined by their acceptance
by the C. company, will not be sufficient to establish their mer-
chantability, in the absence of failure to show that refusal to
accept them was arbitrary.

Appeal from a judgment of the superior court for
King county, Frater, J., entered March 15, 1925, upon
findings in favor of the defendant in an action on
contract, tried to the court.  Affirmed.

*Harry W. Powell* and *D. E. Twitchell,* for appellant.
*Wright, Froude, Allen & Hilen,* for respondent.

Askren, J.—The parties to this action entered into
the following contract:

"Memorandum of Agreement Between R. E. Downie
Lumber and Pole Company
"Whereas, R. E. Downie & Company claim owner-
ship of approximately one million feet of logs, on what

[1]Reported in 248 Pac. 385.

is known as the Jorgenson tract some two and a quarter miles from Lake Sammamish, King county, Washington, further described as follows: N. W. of S. W. Section twenty-seven, township twenty-eight, North of Range six, and whereas, Frank Olmstead is interested in the cutting and disposal of said timber, and both of these parties above mentioned being in agreement in the premises evidence their agreement in the following memorandum:

"(1.) Frank Olmstead, his agents or assigns will cut and remove and deliver in Lake Sammamish, King county, all merchantable timber on the above named and described tract within one year from date hereof.

"(2.) Said Frank Olmstead, his agents or assigns, or employees will dump all said merchantable logs into a circle boom.

"(3.) Said Downie & Company are to pay Frank Olmstead at 406 Thompson Building, Seattle, for each boom after delivery of same to the Campbell Lumber Company at the rate of $9.90 per thousand feet.

"(4.) The matter which shall determine merchantability is what the Campbell Lumber Company will accept based on the scale of a licensed scaler.

"Witness our hands in mutual agreement and understanding hereto this 5th day of October, 1923.

         "R. E. Downie Lumber & Pole Company
              "By Downie.
                "Frank Olmstead."

Thereafter a large amount of logs were cut by plaintiff, accepted by the Campbell Lumber Company, and paid for by the defendant. In July, 1924, a fire burned some of the timber on the premises in question, and the logs cut therefrom, when placed in booms, were rejected by the Campbell Lumber Company. Defendant thereupon refused to pay for the logs, and this suit was commenced to recover. The complaint alleged due performance of the conditions of the contract, but that defendant refused to receive or accept said logs, and refused payment.

The answer denied due performance, admitted a refusal to accept, receive, or pay for such logs, and alleged affirmatively that many of the logs were unmerchantable, and that neither the Campbell Lumber Company, nor the buyers of merchantable logs, would accept them as merchantable. The reply denied any information as to what the Campbell Lumber Company or others would accept.

Upon the trial of the action, the evidence showed that the Campbell Lumber Company refused to accept the logs in question, because they were not merchantable, and the court dismissed the action. Plaintiff has appealed, and assigns two errors as grounds for reversal.

[1] It is first contended that the contract was ambiguous, and required parol evidence to establish the meaning of the word "merchantability," as applied to the logs in question. But it seems to us that the parties have themselves spoken very clearly in this contract, that the "merchantability" of the logs in question shall be "what the Campbell Lumber Company will accept." The parties have made the lumber company the arbiter as to the merchantability of the logs, and in the absence of fraud or arbitrary or capricious action upon their part, the acceptance by them is a condition precedent to a recovery. *Hughes v. Bravinder,* 9 Wash. 595, 38 Pac. 530; *Schmidt v. North Yakima,* 12 Wash. 121, 40 Pac. 790; *Lindblom v. Mayar,* 81 Wash. 350, 142 Pac. 695.

It is also contended, that there was evidence that the logs had been accepted by the respondent. The appellant did testify to an acceptance by the respondent, but the respondent denied it, the appellant's pleadings denied it, and the court found that there had been none.

At the close of the whole case, appellant made an offer to prove by a witness that the logs were merchantable, and that, in the community where the logging was

done, logs burned more than the ones in question were accepted and sold on the market. The reason stated for the offer was to show that the refusal to accept was arbitrary, and not based on reason or fact. An objection was sustained. It is alleged that this was error. But we think the court's ruling correct. There was no issue made by the pleadings that the refusal to accept the logs was arbitrary or capricious. There was no request for permission to amend for the purpose of making it an issue, nor was there any issue justifying evidence of a custom in the community regarding merchantable logs. No motion for a new trial was made.

[2] But, if it be conceded that the testimony should have been received, the offer to prove by a single witness that the logs were, in his opinion, merchantable, would not be sufficient, even if believed by the court, to show that the refusal of the Campbell Lumber Company was arbitrary. At best it would show only a difference of opinion.

We find no error in the record, and the judgment is affirmed.

TOLMAN, C. J., HOLCOMB, BRIDGES, and FULLERTON, JJ., concur.