Filed 11/18/15  Price v. Vasquez CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| DARRON PRICE et al.,<br><br>      Plaintiffs and Appellants,<br><br>v.<br><br>REBECCA VASQUEZ,<br><br>      Defendant and Respondent. | A142602<br><br>(Contra Costa County<br>Super. Ct. No. MSC13-02503) |

**I.**

**INTRODUCTION**

Appellants Darron Price and his attorney Brendan Hallinan have filed two lawsuits against respondent Rebecca Vasquez based upon the same alleged breach of contract. This appeal arises out of the second lawsuit.  On appeal, appellants claim the trial court erred by imposing monetary sanctions against them, and by striking Price's complaint pursuant to Code of Civil Procedure section 128.7.[1]  We conclude that the trial court did not abuse its discretion either in striking the complaint, which was barred by the court's dismissal of the first lawsuit, or by imposing sanctions.  Accordingly, we affirm.

**II.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Price filed a complaint against respondent Rebecca Vasquez alleging breach of contract and fraud and deceit (*Price v. Vasquez* (Super. Ct. Contra Costa County, 2013,

---

[1] All further undesignated statutory references are to the Code of  Civil Procedure.

1

No. C13-01057) (*Price I*). The *Price I* complaint alleged that Vasquez, the owner of a medical marijuana dispensary called the Holistic Healing Collective, entered into an agreement with Price to invest in the business as an equal partner. A mutual friend, Raudel Wilson, introduced Price and Vasquez and agreed to "write the business plan for the operation of the business." According to the complaint, the parties entered into a written agreement, but Vasquez stole all copies of the agreement, so Price had no documentation of the contract. Price asserted he invested more than $130,000 in the Holistic Healing Collective.

Vasquez filed a demurrer to the *Price I* complaint,[2] arguing the complaint did not state facts sufficient to constitute a cause of action. The demurrer contended that appellants failed to provide a written contract or any factual details to support their breach of contract claim, and that the terms of the purported contract were unenforceable as a matter of law, citing Civil Code section 1667. The demurrer further asserted that appellants failed to plead a valid fraud claim because the facts were not set forth with the required specificity. Vasquez argued that given the absence of support for the claims, the entire complaint should be dismissed without leave to amend.

On August 13, 2013, the court issued a tentative ruling sustaining the demurrer without leave to amend, and the matter was set for hearing on August 14, 2013. Neither the tentative order nor the transcript of the hearing are included in the record on appeal. On September 5, 2013, the court issued an order sustaining the demurrer without leave to amend. The order stated: "Having considered the papers in support of the [d]emurrer, the pleadings on file in this matter by the parties, and good cause appearing therefore, [the court] hereby orders that: The demurrer to the complaint is sustained without leave to amend."

Both parties concede that no final judgment was entered in *Price I*. The order on the demurrer was filed but no judgment or dismissal has been issued.

---

[2] At the request of the court, appellants provided a copy of the demurrer, but they have failed to provide the court with the record for *Price I*. The complaint and court order sustaining the demurrer are attached as exhibits to motions in the *Price II* record.

Three months later, a nearly identical complaint was filed in a new case (*Price v. Vasquez*, Super. Ct. Contra Costa County, No. C13-02503) (*Price II*). The *Price II* complaint again alleged causes of action for breach of contract and fraud and deceit. However, rather than alleging that Price would be an equal partner in the business, the new complaint alleged that Price was a member of the Holistic Healing Collective. It alleged that when the business generated enough income, it was agreed that Price would be reimbursed for his investment.

Vasquez filed a demurrer to the *Price II* complaint, arguing that the complaint failed to allege sufficient facts to state a cause of action, and that the *Price II* complaint was an improper attempt to relitigate the claims in *Price I* that had been dismissed without leave to amend. Vasquez asserted that appellants had filed the complaint "in contravention of the well-established doctrine of res judicata." The demurrer attached the *Price I* complaint, the court's order in *Price I* sustaining the demurrer without leave to amend, and the declaration of Raudel Wilson. Wilson stated, although not under penalty of perjury, that he was never hired by Price or Vasquez to write a business plan or to perform any other services for the Holistic Healing Collective. Wilson never witnessed any verbal or written communications between Price and Vasquez about Price investing sums of money or acting as a business partner. He further stated he was not aware of nor had he ever seen a written agreement between Price and Vasquez.

Vasquez also filed a motion for sanctions against appellants. The motion argued that appellants were wrongfully attempting to relitigate the same causes of action that had already been dismissed pursuant to a binding court order. It alleged that rather than properly pursuing an appeal, appellants filed a second complaint barred by the doctrine of res judicata. Vasquez sought both reasonable attorney fees and dismissal of the *Price II* complaint. Vasquez served appellants with notice of the motion and allowed them 21 days to retract the complaint, but appellants took no action.

Appellants opposed both motions, arguing that res judicata did not bar the *Price II* complaint because there was no final adjudication on the merits and no judgment entered in the original case. Appellants argued that they had "incorrectly written the terms of the

3

agreement between the parties" in the first complaint and voluntarily decided not to oppose the demurrer. Appellants asserted that while the court's order sustaining the demurrer was issued on September 12, 2013, they were not served with the order until December 19, 2013—after they had filed the complaint in *Price II* on December 2, 2013. Finally, appellants argued the declaration of Raudel Wilson was insufficient because it was not signed under penalty of perjury and contained the phrase "to the best of my knowledge." In reply, Vasquez filed a new declaration by Raudel Wilson, signed under penalty of perjury, that reiterated his assertions in the original declaration.

The court held a hearing on the sanctions motion prior to the scheduled hearing on the demurrer. Appellants argued the two motions should be heard together, but then stated they were ready to proceed on the sanctions issue. Appellants argued that: (1) Vasquez failed to cite any authority that the court's order sustaining the demurrer to the *Price I* complaint was res judicata to the filing of the new complaint in *Price II*; (2) there was no judgment on the merits and they did not have a fair opportunity to litigate the case; and (3) they realized they "had made pleading errors in drafting the first complaint, and we thought the best thing to do is start over and do it right."

The court stated it was adopting its tentative ruling.[3] The court then issued an order stating: "Plaintiff and his counsel, Brendan Hallinan, filed the complaint in this matter for an improper purpose, knowing that their earlier action would be res judicata as to this matter upon the running of the time for appeal. Thus, the claims in this action are not supported by law and slight changes in the facts of the current complaint appear to lack any evidentiary support as they are clearly an attempt to avoid the bar of Price I. *See* CCP Section 128.7." The court granted Vasquez's request for the nonmonetary sanction of striking the complaint and awarded reasonable attorney fees. The court ordered Vasquez to provide detailed information regarding attorney fees within five days.

---

[3] The tentative ruling is not part of the record on appeal.

4

Vasquez filed a declaration in support of the sanctions motion, listing her fees and costs as $23,271.50. In an unreported minute order, the court awarded attorney fees and costs of $15,576.50.

The court held a hearing on Vasquez's demurrer after granting the sanctions motion striking the complaint. The court stated that given its ruling on the sanctions motion, the motion on the demurrer was moot. Appellants asked to make a record for appeal, and argued that if Vasquez's counsel "wants to ask for [$]22,000 for research, that she ought to come up with at least one piece of authority to show that this case is res judicata." The court instructed counsel that the time to argue about sanctions was during the prior hearing.

## III.

## DISCUSSION

### A. Relitigation in Price II of Issues Finally Determined in Price I Was Barred by Res Judicata's Subsidiary Doctrine of Collateral Estoppel, or Issue Preclusion

" 'The rules of res judicata are applicable only when a final judgment is rendered. However, for purposes of *issue preclusion* (as distinguished from merger and bar), "final judgment" includes any prior adjudication of an issue in another action that is determined to be *sufficiently firm to be accorded conclusive effect*.' (Rest.2d Judgments, § 13, italics added)." (*Sandoval v. Superior Court* (1983) 140 Cal.App.3d 932, 936.) "Most commonly, issue preclusion arises from successive suits on different claims; this is referred to as collateral estoppel. If, however, the second action is on the same claim, as in this case, issue preclusion based on the earlier determination is described as 'direct estoppel.'. . ." (*Sabek, Inc. v. Engelhard Corp.* (1998) 65 Cal.App.4th 992, 997 (*Sabek*), citing Rest.2d Judgments, § 17, com. c, pp. 149-150; Rest.2d Judgments, § 27, com. b, pp. 251-252.)

In a factually similar scenario, where the trial court sustained a demurrer without leave to amend and no final judgment was filed, the Fourth District Court of Appeal

5

found that collateral estoppel barred a subsequent action. (*Border Business Park, Inc. v. City of San Diego* (2006) 142 Cal.App.4th 1538 (*Border Business Park*).)[4]

Border argued the court erroneously applied the doctrine of res judicata to bar a subsequent action where no final judgment had been entered. (*Border Business Park*, *supra*, 142 Cal.App.4th at p. 1560.) In the prior action, the court sustained the city's demurrer without leave to amend Border's cross-complaint, in which it asserted the same breach of contract claims it alleged in the current case. Border argued because no judgment of dismissal was filed, the order sustaining the demurrer was not a final judgment and had no res judicata effect. (*Ibid.*)

The Fourth District concluded that the doctrine of collateral estoppel applied. "When issue preclusion arises from successive suits on different claims, it is referred to as collateral estoppel. If, as in this case, the second action is on the same claim, issue preclusion based on the earlier determination is described as direct estoppel. [Citations.]" (*Border Business Park*, *supra*, 142 Cal.App.4th at p. 1563.) "Both collateral and direct estoppel have the ' "dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation. . . .' [Citation.]" (*Ibid.*, quoting *Sabek*, *supra*, 65 Cal.App.4th at p. 997.)

Like here, in *Border Business Park*, it was undisputed that no judgment was entered in the prior lawsuit. However, the court determined that "for purposes of issue preclusion, as opposed to res judicata, ' "final judgment" ' includes *any* prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect. . . ." (*Border Business Park*, *supra*, 142 Cal.App.4th at p. 1564, citing Rest.2d Judgments, § 13, italics added.) The court outlined four factors to determine if an issue in a prior action should be deemed "sufficiently firm" to be

---

[4] By letter dated April 9, 2015, this court invited the parties to file supplemental briefs addressing the applicability of *Border Business Park* and the doctrine of collateral estoppel in light of the absence of a final judgment in *Price I*. Supplemental briefs were electronically filed on May 11, June 4, and June 23, respectively.

6

accorded preclusive effect: "(1) whether the decision was not avowedly tentative; (2) whether the parties were fully heard; (3) whether the court supported its decision with a reasoned opinion; and (4) whether the decision was subject to an appeal. [Citations.]" (*Border Business Park*, at p. 1565.)

Applying the factors, the court found the issue was litigated, the court's order sustaining the demurrer was "in no way tentative" and it stated the basis for its decision. (*Border Business Park*, *supra*, 142 Cal.App.4th at p. 1565.) "If Border had wished to challenge the ruling, it could have requested entry of judgment and appealed the dismissal of its cross-complaint." (*Ibid.*) Thus, the order met the criteria for a final judgment for purposes of issue preclusion. "Moreover, Border effectively acquiesced in the ruling by failing to obtain a final judgment and filing an appeal and instead promptly presenting a Government Code claim asserting the breach of contract claim. Having decided not to pursue the remedy available to it, it should not now be able to contend that the order is not a final adjudication of the issues it addressed. Under these circumstances, the order sustaining the demurrer precludes relitigation of the issues already adjudicated." (*Ibid.*)

In *Schmidlin v. City of Palo Alto*, the plaintiff argued that an order denying a suppression motion in his prior criminal prosecution lacked the finality required to have preclusive effect in a later civil case. (*Schmidlin v. City of Palo Alto* (2007) 157 Cal.App.4th 728, 772 (*Schmidlin*).) The court concluded that the denial of the motion to suppress precluded relitigation of the question of whether officers had sufficient cause to detain plaintiff. The court found the common law principles governing issue preclusion applied, "under which a prior adjudication may be sufficiently final to support preclusion if it 'is determined to be sufficiently firm to be accorded conclusive effect.' (Rest.2d, Judgments, § 13. . . .)" (*Schmidlin*, at p. 774.) Applying the *Border Business Park* factors, the court concluded the order denying the suppression motion was not tentative, the court expressed the reasons for its ruling, and the decision was subject to appeal. (*Ibid.*) The only debatable issue was whether the parties had been fully heard because plaintiff elected "not to mount a full-fledged attack on the officers' testimony." (*Id*. at

7

pp. 774-775.)  The court concluded that under these circumstances the only obstacle to the plaintiff having been more fully heard was because "he so elected."  (*Id.* at p. 775.)  The suppression order was "sufficiently firm to be deemed final" and issue preclusion applied.  (*Ibid.*)

Here, the court's decision was "not avowedly tentative."  The *Price I* order stated: "Having considered the papers in support of the [d]emurrer, the pleadings on file in this matter by the parties, and good cause appearing therefore, [the court] hereby orders that: The demurrer to the complaint is sustained without leave to amend."  As the basis for its decision the court cited to the pleadings and papers filed in support of the demurrer. Although appellants contend that the parties were not "fully heard," the court scheduled a hearing on the demurrer providing Price the opportunity to be heard.  Price elected not to file an opposition to the demurrer, or to contest the court's tentative ruling prior to the final order.  "Any of the contentions [Price] now asserts could have been raised in its opposition to the demurrer.  The order sustaining the demurrer therefore precludes consideration of those contentions at this juncture."  (*Border Business Park*, *supra*, 142 Cal.App.4th at p. 1566.)  As in *Border Business Park*, Price "effectively acquiesced in the ruling by failing to obtain a final judgment and filing an appeal."  (*Id.* at p. 1565.) "Having decided not to pursue the remedy available to it, it should not now be able to contend that the order is not a final adjudication of the issues it addressed.  Under these circumstances, the order sustaining the demurrer precludes relitigation of the issues already adjudicated."  (*Ibid.*)

Indeed, were we to rule otherwise, a plaintiff could avoid collateral estoppel after filing an opposition if convinced once the tentative ruling was issued that it would lose, by not showing up at the hearing and later arguing at a subsequent proceeding that the matter was not "fully heard."  (See *Schmidlin*, *supra*, 157 Cal.App.4th at pp. 774-775.) The court must simply provide the *opportunity* to be heard to prevent the injustice of having the doctrine applied to a non-party.

Appellants cite only one case in their brief, *Goddard v. Security Title Ins. & Guar. Co.* (1939) 14 Cal.2d 47 (*Goddard*).  *Goddard* held that "a judgment based upon the

8

sustaining of a special demurrer for technical or formal defects is clearly not on the merits and is not a bar to the filing of a new action. [Citation.]" (*Id.* at p. 52.) A judgment after sustaining a general demurrer on a ground of substance may, however, be deemed a judgment on the merits. (*Ibid.*) *Goddard* is inapposite. The *Price I* court did not grant the demurrer due to a technical defect, instead it granted the demurrer based upon Vasquez's pleading asserting that appellants' complaint failed to state a cause of action or allege facts to support the claims.

For all of the foregoing reasons, we conclude that there was no error in granting the motion to strike the *Price II* complaint.

### B. The Trial Court Did Not Abuse Its Discretion in Issuing Sanctions

Appellants argue that the trial court erred and abused its discretion in awarding attorney fees as a sanction because it incorrectly concluded the granting of the demurrer without leave to amend in *Price I* was a judgment on the merits which barred the filing of the complaint in *Price II*. While we note the court should have addressed the demurrer prior to, or at the same hearing as, the sanctions motion, appellants do not challenge the procedure the court followed in deciding the merits of *Price II*, there was no abuse of discretion in any case.

In concluding there was no error in awarding attorney fees as a sanction, we review a section 128.7 sanctions award under the abuse of discretion standard. (*Peake v. Underwood* (2014) 227 Cal.App.4th 428, 441 (*Peake*).) "We presume the trial court's order is correct and do not substitute our judgment for that of the trial court. [Citation.]" (*Id.* at p. 441, citing *Shelton v. Rancho Mortgage & Investment Corp.* (2002) 94 Cal.App.4th 1337, 1345.) To be entitled to relief on appeal, the court's action must be " ' " 'sufficiently grave to amount to a manifest miscarriage of justice . . . .' [Citations.]" ' [Citation.]" (*Kurinij v. Hanna & Morton* (1997) 55 Cal.App.4th 853, 867.)

Section 128.7 "authorizes trial courts to impose sanctions to check abuses in the filing of pleadings, petitions, written notices of motions or similar papers." (*Musaelian v. Adams* (2009) 45 Cal.4th 512, 514.) Subdivision (c) of section 128.7 authorizes

9

imposition of sanctions on attorneys or parties who violate subdivision (b) of the section. Subdivision (b) provides that by filing papers with the court, an attorney does not present them for an improper purpose, the claims are warranted by existing law or a nonfrivolous argument for extension or modification of existing law, and the allegations have evidentiary support. (See *Eichenbaum v. Alon* (2003) 106 Cal.App.4th 967, 972 [upholding sanctions order for presenting an improper amended complaint].) Sanctions may include payment to the moving party of attorney fees incurred due to the violation. (*Ibid.*; § 128.7, subd. (d).)

"Because our adversary system requires that attorneys and litigants be provided substantial breathing room to develop and assert factual and legal arguments, sanctions should not be routinely or easily awarded even for a claim that is arguably frivolous. Courts must carefully consider the circumstances before awarding sanctions." (*Peake*, *supra*, 227 Cal.App.4th at p. 448.)

"Because a trial court has broad discretion in ruling on a sanctions motion, it is incumbent on the party opposing the motion to proffer all factual and legal theories showing the party's challenged assertions were not frivolous and had at least some merit." (*Peake*, *supra*, 227 Cal.App.4th at p. 443.) Appellants' legal theory that the dismissal of *Price I* does not bar the filing of the identical complaint in *Price II* is incorrect. Further, appellants failed to provide any factual or legal arguments that their allegations in *Price II* were not frivolous. Appellants provided no written agreement or other factual support for their assertions, while Vasquez produced the declaration of Raudel Wilson, which directly contradicted appellants' allegations. (See *id*. at p. 433 [finding the claims were inconsistent with the admitted facts and well-settled law and counsel had no reasonable belief in the validity of the claims].) Appellants' contention that they had "incorrectly written the terms" of the agreement and believed that the best course of action was to allow for dismissal of the *Price I* complaint without leave to amend in order to refile the same complaint with slightly altered facts is frivolous. A reasonable attorney would have replied to the demurrer, sought leave to amend, or appealed the dismissal. Simply refiling the same complaint as a new case was not

10

warranted under existing law and demonstrates Price and his counsel acted with an improper purpose.

Appellants next contend that the trial court abused its discretion by failing to describe the conduct that allowed for the imposition of sanctions under section 128.7, subdivision (e). The court's order, however, stated that appellants filed the complaint "for an improper purpose, knowing that their earlier action would be res judicata as to this matter upon the running of the time for appeal. Thus, the claims in this action are not supported by law and slight changes in the facts of the current complaint appear to lack any evidentiary support as they are clearly an attempt to avoid the bar of Price I. *See* CCP Section 128.7."

The court explained appellants' filing of the *Price II* complaint as an attempt to avoid the preclusive effect of the dismissal in *Price I* and as being filed for an improper purpose. The claims were not supported by the law and identified the slight changes in the descriptions of the contract as merely an attempt to avoid the bar set forth in *Price I*. Appellants have failed to demonstrate that this description of their conduct was deficient or lacked a proper basis for the imposition of sanctions. (See *Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1418 [trial court order imposing sanctions that simply stated that a motion was without legal support and for an improper purpose satisfied the requirements of § 128.7, subd. (e)].)

While we find that the trial court did not abuse its discretion in imposing both monetary and nonmonetary sanctions in this case, we decline Vasquez's request for this court, on its own motion, to impose additional sanctions for filing a frivolous appeal.

## IV.

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to Vasquez.

11

_____
RUVOLO, P. J.

We concur:


_____
REARDON, J.


_____
STREETER, J.

12

A142602, *Price v. Vasquez*