## AUSTIN O. LOWER v. G. W. FROELICH.[1]

December 23, 1921.

No. 22,561.

**Unlawful detainer—order of dismissal not res judicata.**

An unlawful detainer proceeding, dismissed upon the pleadings without trial, though the order of dismissal purports to be on the merits, is not such in fact and does not constitute a bar to a second suit. [Reporter.]

Action in the municipal court of St. Paul to recover $105, rent of a dwelling house for two months. The case was tried before Boerner, J., who made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*J. W. Froelich,* pro se.

*C. R. St. John,* for respondent.

PER CURIAM.

The trial court found as facts in this cause that plaintiff leased and let to defendant the property involved in the action at a stipulated rental, effective on and after July 1, 1920; that defendant defaulted in the payment of the rent and refused to pay the same for the months of August and September, 1920; that plaintiff fully kept and performed all and singular the stipulations of the contract and that defendant wrongfully detains the premises from him. Our examination of the record discloses ample evidence to support the findings, and we sustain them without unnecessary comment. The findings entitle plaintiff to judgment for the possession of the property.

A point made by defendant that a former unlawful detainer proceeding instituted in justice court and thence appealed to the municipal court of St. Paul where it was dismissed, is res judicata and a bar to this proceeding, is without merit. There was no trial of that proceeding in the municipal court, the dismissal having been ordered on the pleadings. That left matters precisely as though no proceeding had been commenced in the justice court at all, with the right in plaintiff to proceed de novo. Terryll v. Bailey, 27 Minn. 304, 7 N. W. 261. Though the order of dismissal purported on its face to be on the merits, it was not such in fact and does not

[1]Reported in 185 N. W. 940.

constitute a bar to a second suit. Swanson v. Great Northern Ry. Co. 73 Minn. 103, 75 N. W. 1033; County of Morrison v. Lejouburg, 124 Minn. 495, 145 N. W. 380.

The judgment appealed from is affirmed.