[Civ. No. 6226.   Second Appellate District, Division One.—July 18, 1929.]

ROY L. MATTESON, Appellant, v. WM. KLUMP et al., Respondents.

Roy L. Matteson, *in pro. per.*, for Appellant.

Earl D. Killion for Respondents.

HOUSER, J.—Plaintiff appeals from "the order of dismissal and the judgment . . . and presents for review . . . order denying motion for judgment . . . ; order denying motion to return amended answer . . . ; order denying motion to vacate order setting trial . . . ; order denying motion to strike original answer."

The record herein contains nothing other than a so-called "Clerk's Transcript"—no bill of exceptions or reporter's transcript of the testimony, or of any proceedings had in the action.  In view of such lack of conformity with statutory provisions and the practice regulating appeals, the only alleged errors specified in appellant's

brief which may be noticed by this court are those which appear from an inspection of the judgment-roll. (2 Cal. Jur. 816, and cases there cited.)

■ Appellant specifies prejudicial error in that by the judgment in question his action was dismissed "with prejudice to the commencement of another action." The provisions of section 581 of the Code of Civil Procedure furnish the general authority for the trial court to order a dismissal of an action. As announced by decisions of the Supreme Court of this state, the ordinary rule is that the dismissal of an action does not operate as a bar to another action for the same cause of action as was stated in the action which was dismissed (*Westbay* v. *Gray*, 116 Cal. 660 [48 Pac. 800]; *Davenport* v. *Turpin*, 43 Cal. 597; *Parks* v. *Dunlap*, 86 Cal. 189 [25 Pac. 916]; *Rosenthal* v. *McMann*, 93 Cal. 505 [29 Pac. 121]); but specifically, where the dismissal of an action does not purport to go to the merits of the case, the trial court has no authority to include within the judgment of dismissal an order which in effect precludes the plaintiff from instituting another action in which the merits of the controversy may be litigated. (18 Cal. Jur. 1201, and cases there cited.) The case of *Lindblom* v. *Mayar*, 81 Wash. 350 [142 Pac. 695], is particularly in point.

In the instant case the conclusion of this court is that the judgment should be modified by striking therefrom the words "with prejudice to the commencement of another action"; otherwise the judgment should be affirmed. So ordered.

Conrey, P. J., and Hollzer, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 13, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 12, 1929.

All the Justices present concurred.