[Civ. No. 9948. Second Appellate District, Division One.—December 16, 1935.]

GUSTAV STEFFENS, Appellant, v. L. T. ROWLEY et al., Defendants; R. E. ROWLEY, Respondent.

Anne O'Keefe and Ralph C. Curren for Appellant.

Walter S. Barrette for Respondent.

EDMONDS, J., *pro tem.*—This appeal questions the right of the superior court to add "with prejudice" to an order granting the motion of petitioner in an application for a hearing on a third party claim, pursuant to sections 549 and 689 of the Code of Civil Procedure, to dismiss the petition.

Gustav Steffens brought an action in the superior court and procured a writ of attachment which was levied upon certain property alleged to be owned by L. T. Rowley, one of the defendants. R. E. Rowley filed a third party claim to the property. Plaintiff then presented to the court his petition asking that a hearing be had for the purpose of determining title to the property which had been levied upon. The matter came on regularly for hearing. During the taking of evidence and after the third party claimant's motion for a nonsuit had been denied, petitioner orally moved the court to dismiss his petition. This motion was granted but, as shown by the minute order of the court, "upon request of counsel for claimant, said order of dismissal is made with prejudice".

The appeal by plaintiff is from the order of dismissal. The defendant has not appealed from the order. Appellant is not, of course, questioning the right of the court to dismiss the proceeding, but only its authority to add to the order of

dismissal, made pursuant to his motion, the provision that it was with prejudice.

While the oral motion to dismiss might have been denied by the court (*Chapman* v. *Superior Court,* 1 Cal. App. (2d) 512 [36 Pac. (2d) 1093]), it should not have been granted with prejudice over the objections of the appellant.

Respondent is not assisted by taking the position that the third party claimant is seeking affirmative relief against the party who brings the question before the court for hearing, and that no dismissal can, therefore, be had. (Sec. 581, Code Civ. Proc., subd. 1.) If it be true that in such a case affirmative relief is being asked, this would prevent the court from dismissing the proceeding, but would not give it authority to dismiss with prejudice. (*Matteson* v. *Klump,* 100 Cal. App. 64 [279 Pac. 669].)

The order should be modified by striking therefrom the words "and upon request of counsel for claimant, said order of dismissal is made with prejudice". As so modified the order is affirmed.

Houser, P. J., and Doran, J., concurred.