[L. A. No. 16709.   In Bank.—July 20, 1939.]

HERBERT M. GODDARD, Respondent, v. SECURITY TITLE INSURANCE AND GUARANTEE COMPANY (a Corporation) et al., Appellants.

48

Mitchell, Silberberg, Roth & Knupp and Guy Knupp for Appellant.

O'Melveny, Tuller & Myers and Louis W. Myers, as *Amici Curiae*, on Behalf of Appellant.

H. A. Savage for Respondent.

THE COURT.—Upon rehearing, we hereby adopt the former opinion of this court, prepared by Mr. Justice Langdon, with certain changes hereinafter appearing. The said opinion reads as follows:

"This is an action against stockholders of Metropolitan Trust Company, a corporation, to recover on their proportional liability for the debts of the corporation. The obligation arose in 1930, before the repeal of our statutory provision governing this liability. The cause of action arose out of the alleged violation by the corporation of instructions concerning the use of trust money paid to it by plaintiff.

"In 1930, Earle C. Dingwell, nephew of plaintiff, owned real estate and personal property in southern California, considered to be worth about $1,600,000. The properties were encumbered with a number of mortgages, trust deeds and other liens, and these obligations of Dingwell, together with the claims of unsecured creditors, amounted to about $1,000,000. The creditors were pressing for payment, and loss of the properties was imminent, when Dingwell evolved a plan to place them in trust with Metropolitan Trust Company, to hold and administer them and to pay claims. As part of the plan, Dingwell and another party interested were each to provide $50,000 in cash. Dingwell approached plaintiff, his uncle, who resided in Philadelphia, to borrow the money, and plaintiff requested that the proposal be submitted to his legal adviser. The trust plan was accordingly presented, followed later by the completed trust indenture, setting forth certain specific terms and conditions regarding releases by creditors, clearing of most of the encumbrances except first deeds of trust, etc. This was signed and forwarded to the trust company in California on September 12, 1930. On September 24, 1930, plaintiff transferred to the company the sum of $49,280, ear-marked 'Dingwell-Goddard

Trust'. In response to requested instructions as to use of the funds, plaintiff wired the company on October 17, 1930: 'Deliver to Earle C. Dingwell funds on deposit to my credit if all conditions of trust are satisfactorily arranged.' The money was thereafter expended by the trust company, but a number of the trust conditions were never performed. The trustee failed to obtain title to the personal property, permitted unauthorized encumbrances, failed to secure required releases, and in various other ways did not carry out the terms of the agreement. Ultimately the scheme failed in its object, foreclosure suits were instituted, and the properties were lost. Plaintiff was unable to recover the money lent and the security therefor having been wiped out, he brough! suit.

"Two actions were commenced. The first, filed in October, 1932, in the federal District Court, was against the Metropolitan Trust Company. The complaint was framed on a theory of conversion. To plaintiff's second amended complaint, filed in March, 1933, the defendant demurred, generally and specially, on a number of grounds. The demurrer was sustained with right to apply for leave to amend. But later, when an amended complaint was tendered, the court refused to permit its filing, and on June 1, 1934; judgment was entered, in which it was ordered that the action be 'dismissed with prejudice'. Appeal was taken and the Circuit Court of Appeals, with one judge dissenting, upheld the judgment, mainly on the theory that an action for conversion would not lie under the facts alleged, and that the remedy, if any, was an action on the case, the recovery being limited to the damages proximately resulting from the alleged violation of instructions. (See *Goodard* v. *Metropolitan Trust Co.*, 82 Fed. [2d] 902.) The dissenting judge considered the proposed amended complaint sufficient, and expressed himself forcefully and at length to that effect. (See 82 Fed. [2d] 913.)

"On October 21, 1933, while this action against the corporation was pending in the Federal court, plaintiff filed the present suit against defendants, stockholders of the corporation, in the superior court of Los Angeles, alleging substantially the same cause of action with corrected pleadings. A demurrer was overruled, and the case was set to be tried November 2, 1936. In June the Circuit Court of Appeals

handed down its decision, and thereupon defendants amended their answer to plead the defense of *res judicata* as a complete bar to the action. The case was tried, certain amendments were allowed to conform to proof, and the matter submitted. On May 26, 1937, the trial court gave judgment in favor of plaintiff against defendants in the total amount of $69,842.13. Defendants appealed.

"On the merits of plaintiff's claim that the corporation violated instructions concerning the use of his money, thereby causing the loss, we see no ground for disturbing the conclusion of the court below. The evidence was voluminous, and subject, as is usual in such cases, to different inferences, but those drawn by the trial court and expressed in its comprehensive findings are supported by sufficient evidence, and it is unnecessary to review the record at length.

Nor do we find any substantial merit in the defense of the statute of limitations. In our opinion the trial court correctly placed the creation of the liability at the time the trust agreement was signed by the trustee, October 23, 1930. The action was filed on October 21, 1933, within the three-year period prescribed by section 359 of the Code of Civil Procedure. Defendants' plea is based upon the contention that the liability arose on September 24, 1930, when the money was first delivered to the corporation. But the action was for damages for violation of the terms of the agreement, and no liability of this type could arise prior to the signing of the agreement. It follows that the action was brought in time.

"The major defense, and the only one which requires extended discussion, is that the judgment in the prior action in the federal court is *res judicata* and therefore a complete bar to the present action. To determine this point it may be desirable first to review some of the principles governing the effect of judgments of dismissal and judgments entered after the sustaining of demurrers without leave to amend.

"First, a final judgment, rendered upon the merits by a court having jurisdiction of the cause, is conclusive of the rights of the parties and those in privity with them, and is a complete bar to a new suit between them on the same cause of action. This is the general doctrine of *res judicata*. (See 2 Freeman on Judgments, [5th ed.], sec. 627, p. 1321 et seq.; von Moschzisker, Res Judicata, 38 Yale L. J. 299;

*Price* v. *Sixth Dist. Agricultural Assn.,* 201 Cal. 502 [258 Pac. 387].) Second, a judgment not rendered on the merits does not operate as a bar. (*Campanella* v. *Campanella,* 204 Cal. 515 [269 Pac. 433] ; 2 Freeman on Judgments, [5th ed.], sec. 723, p. 1530; 34 C. J. 774, sec. 1193.) ▉ Third, a judgment based upon the sustaining of a special demurrer for technical or formal defects is clearly not on the merits and is not a bar to the filing of a new action. (2 Freeman on Judgments, [5th ed.], sec. 745, p. 1569; 34 C. J. 797, sec. 1219.) ▉ Fourth, judgments based upon sustaining a general demurrer have given rise to an apparent conflict of decision, and careful distinctions must be drawn between the cases. (See von Moschzisker, Res Judicata, 38 Yale L. J. 299, 318 et seq.; Clark, Code Pleading, p. 367.) A judgment given after the sustaining of a general demurrer on a ground of substance, for example, that an absolute defense is disclosed by the allegations of the complaint, may be deemed a judgment on the merits, and conclusive in a subsequent suit; and the same is true where the demurrer sets up the failure of the facts alleged to establish a cause of action, and the same facts are pleaded in the second action. (2 Freeman on Judgments, [5th ed.] sec. 746, p. 1571; *Erganian* v. *Brightman,* 13 Cal. App. (2d) 696 [57 Pac. (2d) 971] ; von Moschzisker, Res Judicata, 38 Yale L. J. 299, 318, and cases cited.) ▉ But even a judgment on general demurrer may not be on the merits, for the defects set up may be technical or formal, and the plaintiff may in such case by a different pleading eliminate them or correct the omissions and allege facts constituting a good cause of action, in proper form. Where such a new and sufficient complaint is filed, the prior judgment on demurrer will not be a bar. (*Newhall* v. *Hatch,* 134 Cal. 269 [66 Pac. 266, 55 L. R. A. 673] ; *Terry* v. *Hammonds,* 47 Cal. 32; *Dyment* v. *Board of Medical Examiners,* 93 Cal. App. 65 [268 Pac. 1073] ; 2 Freeman on Judgments, [5th ed.], secs. 747, 748; von Moschzisker, Res Judicata, 38 Yale L. J. 299, 318.) This result has frequently been reached where the failure of the first complaint was in misconceiving the remedy, or framing the complaint on the wrong form of action. (2 Freeman on Judgments, [5th ed.], secs. 734, 735; von Moschzisker, Res Judicata, 38 Yale L. J. 299, 318.) ▉ Fifth, an ordinary judgment of dismissal, for example, for want of prosecution, has the same effect as a

nonsuit, that is, is considered·not on the merits and not a bar to another suit on the same cause of action, unless the record shows that there was an actual determination on the merits. (*Everts* v. *Blaschko,* 17 Cal. App. (2d) 188 [61 Pac. (2d) 776] ; *Matteson* v. *Klump,* 100 Cal. App. 64 [279 Pac. 669] ; *Campanella* v. *Campanella,* 204 Cal. 515 [269 Pac. 433] ; 2 Freeman on Judgments, [5th ed.], sec. 753, p. 1582.)

■ ''Applying these principles to the case before us, it is apparent that the prior judgment of dismissal by the federal district court was entered primarily on two grounds, first, that the complaint was framed on a theory of conversion rather than an action on the case; and second, that it was uncertain and insufficient in its pleading of causal connection between the violation of instructions by the trustee and the resulting loss to the plaintiff. This is the necessary conclusion from a reading of the minute order of the court, as well as from a study of the opinion of the Circuit Court of Appeals, hereinabove mentioned. The actual order was merely that 'said demurrer is sustained', without expressly stating whether the grounds of special or of general demurrer were controlling. But assuming that the court was also sustaining the general demurrer, the minute order shows that it was not on a matter of substance which could not be remedied by another pleading. The court's determination amounted to nothing more than that the plaintiff had failed, in the two respects mentioned above, to establish a right of recovery against the defendant by that particular complaint. The judgment was based upon formal matters of pleading, and concluded nothing save that the complaint, in the form in which it was then presented, did not entitle plaintiff to go to trial on the merits. Such a judgment is clearly not on the merits, and under the rules set forth above, is not *res judicata.*

■ ''Defendants, however, rely heavily on the argument that the federal court *intended* its judgment to be a bar, as indicated by the form of the order, which states that the action was 'dismissed with prejudice'. The contention is that the court was determined to end the litigation, that it was deciding the cause on the merits, and expressly made its decision a bar to another action by the addition of the words 'with prejudice'.

''This view is in our opinion based upon a misconception of both the power of the court and the ordinary meaning

and effect of a dismissal 'with prejudice'. In the first place, if the intention of the court, gathered from its order or other source, were the test of the effect of the judgment on subsequent actions, the doctrine of *res judicata* would disappear as a legal principle, and the bar of a judgment would depend wholly upon the whim of the first judge, or, more probably, on the form of proposed order drafted by successful counsel. Suppose, for example, a complaint were filed, stating a good cause of action and sufficient in every respect except that some minor allegation appeared uncertain or ambiguous. Suppose further that a special demurrer were filed on this ground alone, and the court sustained the demurrer without leave to amend, and ordered the action dismissed. The plaintiff could appeal and doubtless have the judgment reversed. But he would not be limited to that remedy. He would be free to file a new action within the period of the statute of limitations, and a plea of *res judicata*, that is of prior adjudication on the merits, would completely fail. Now, what difference would there be if the court in such a situation were to add the words 'with prejudice' to its order of dismissal? Such a statement, if it has any definite meaning, suggests merely that the court believed that the judgment would finally conclude the controversy. But it is the nature of the action and the character of the judgment that determines whether it is *res judicata*. The intention of the court to make a determination *on the merits* may be important, but if the judgment is clearly not on the merits, the court's intention to make it a *bar* is immaterial. The words 'with prejudice' add nothing to the effect of the judgment in such a case, no matter what light they throw on the intention of the court.

"We think this is the principle underlying the case of *Matteson* v. *Klump*, 100 Cal. App. 64 [279 Pac. 669], where the court said: 'As announced by decisions of the Supreme Court of this state, the ordinary rule is that the dismissal of an action does not operate as a bar to another action for the same cause of action as was stated in the action which was dismissed . . . but specifically, where the dismissal of an action does not purport to go to the merits of the case, the trial court has no authority to include within the judgment of dismissal an order which in effect precludes the plaintiff from instituting another action in which the merits of the

controversy may be litigated.' The court then, in affirming the judgment struck out the words 'with prejudice'. A similar result was reached in *Steffens* v. *Rowley,* 10 Cal. App. (2d) 628 [52 Pac. (2d) 493]. (See, also, *Lindblom* v. *Mayar,* 81 Wash. 350 [142 Pac. 695]; *Lower* v. *Forelich,* 151 Minn. 552 [185 N. W. 940].) If the trial court has no authority to add the term 'with prejudice' to a judgment not on the merits, it necessarily follows that the unauthorized addition of this term cannot so radically change the effect of the judgment as to make it a bar even though it is not on the merits.

''In the instant case we have, therefore, a judgment of dismissal based upon a demurrer sustained for defects of form, under circumstances where it was possible to plead a good cause of action in another suit. This type of judgment, under the rules we have discussed, is not *res judicata.*

''The authorities which purport to hold that judgments of dismissal 'with prejudice' are *res judicata* are nearly all distinguishable upon careful examination. One type of case is based upon that situation where by statute or practice this kind of judgment is used after a determination on the merits, and it is a bar, not because of the use of the words 'with prejudice', but because the judgment was in fact on the merits and that form was used to describe it. (See 2 Freeman on Judgments, [5th ed.], sec. 752, p. 1581.) Other cases are concerned with dismissals by consent or stipulation of the parties, after compromise or settlement of the suit, where the dismissal is intended to operate as a *retraxit* and end the litigation. In such cases the judgment of dismissal is entered 'with prejudice' and is of course a bar to a subsequent suit. (See *Pulley* v. *Chicago etc. Ry. Co.,* 122 Kan. 269 [251 Pac. 1100]; *Morgan* v. *Hart,* 84 Wash. 496 [147 Pac. 26]; *Hargis* v. *Robinson,* 70 Kan. 589 [79 Pac. 119]; cf. *Lamb* v. *Herndon,* 97 Cal. App. 193, 202 [275 Pac. 203]; *Breznikar* v. *T. J. Topper Co.,* 23 Cal. App. (2d) 298, 303 [72 Pac. (2d) 895].)''

The view we take on the point just discussed makes it inappropriate to decide whether the doctrine of *res judicata* is rendered inapplicable by reason of difference in parties to the two actions. In the prior action the plaintiff sued the corporation; here he sues the stockholders. It was an established rule in California that the peculiar type of stock-

holders' liability formerly in force in this state, upon which this action is founded, made stockholders directly and primarily liable for the obligations of the corporation. (See *Ellsworth* v. *Bradford*, 186 Cal. 316 [199 Pac. 335]; *Paladini, Inc.*, v. *Superior Court*, 218 Cal. 114 [21 Pac. (2d) 941]; 9 Cal. L. Rev. 495; 2 So. Cal. L. Rev. 370.) Opposed to the conclusion reached in these cases is the decision in *Triano* v. *F. E. Booth & Co.*, 120 Cal. App. 345 [8 Pac. (2d) 174], in which it was held that an exception to the rule exists where the prior action is terminated by judgment *in favor* of the corporation. The theory of the decision was that the liability of the stockholders depended upon the culpability of the corporation, and that if the corporation was exonerated the stockholders could not be liable. However, since we have already held that the judgment is not *res judicata* because not on the merits, no further consideration of this other point is indulged.

The judgment is affirmed.

Rehearing denied.