Filed 3/1/16  Cobb v. Brigoni CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JOHN COBB, | D066261 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2013-00050796-CU-CR-CTL) |
| SAUL BRIGNONI, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Joan M. Lewis, Judge.  Affirmed.

John Cobb, in pro. per., for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Kristin G. Hogue, Assistant Attorney General, Richard F. Wolfe and David F. Taglienti, Deputy Attorneys General, for Defendant and Respondent.

Plaintiff John Cobb appeals a judgment entered after the trial court sustained the demurrer of defendant Saul Brignoni in Cobb's action against Brignoni and others for violation of his constitutional rights, malicious prosecution, and other causes of action.

On appeal, Cobb contends the trial court erred by concluding: (1) his action was barred by the doctrine of res judicata based on the dismissal of his prior federal court action; and (2) his state causes of action were also barred by his failure to timely file a government tort claim. For the reasons discussed below, we conclude the court correctly sustained Brignoni's demurrer.

FACTUAL AND PROCEDURAL BACKGROUND

On May 29, 2013, Cobb, in propria persona, filed the instant action against Brignoni and other defendants alleging causes of action for violations of his rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution (42 U.S.C. § 1983), malicious prosecution, negligence, false arrest, and related causes of action arising out of a traffic stop conducted by Brignoni, a California Highway Patrol officer. Cobb's complaint alleged that on October 11, 2008, Brignoni initiated a traffic stop of his vehicle and, after Cobb drove several miles before stopping, forced him to the ground and handcuffed him. Brignoni arrested Cobb for evading a police officer (Veh. Code, § 2800.1) and resisting arrest (Pen. Code, § 148, subd. (a)). Cobb's complaint alleged Brignoni did not have reasonable cause to stop him, used excessive force by forcing him to the ground and handcuffing him, searched his vehicle without legal cause, and charged him with crimes he did not commit. The complaint also alleged Brignoni falsified his police report and discriminated, conspired, and retaliated against Cobb by recommending to the San Diego County District Attorney that criminal charges be filed against him for crimes he did not commit and for his subsequent filing of a federal lawsuit against the district attorney and others.

2

On September 12, 2013, Brignoni filed a demurrer to the complaint. Cobb opposed the demurrer. The trial court issued an order sustaining the demurrer without leave to amend, concluding Cobb's action was barred by the doctrine of res judicata. On April 25, 2014, the court entered judgment for Brignoni. Cobb timely filed a notice of appeal.

DISCUSSION

I

*Demurrer Standard of Review*

A demurrer tests the legal sufficiency of a complaint. (*City of Morgan Hill v. Bay Area Air Quality Management Dist.* (2004) 118 Cal.App.4th 861, 869.) A general demurrer to a complaint asserts the pleading does not state facts sufficient to constitute a cause of action. (Code Civ. Proc., § 430.10, subd. (e); *Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 42-43; *Young v. Gannon* (2002) 97 Cal.App.4th 209, 220.) "In determining whether the complaint states facts sufficient to constitute a cause of action, the trial court may consider all material facts pleaded in the complaint and those arising by reasonable implication therefrom; it may not consider contentions, deductions or conclusions of fact or law." (*Young*, at p. 220.)

On appeal after a trial court sustains a general demurrer, we determine de novo the question of whether the complaint alleges facts sufficient to state a cause of action under any legal theory. (*Rakestraw v. California Physicians' Service*, *supra*, 81 Cal.App.4th at p. 43.) In so doing, we accept as true all material factual allegations of the complaint, unless contrary to law or facts of which a court may take judicial notice. (*Mechanical*

3

*Contractors Assn. v. Greater Bay Area Assn.* (1998) 66 Cal.App.4th 672, 677; *Edwards v. Centex Real Estate Corp.* (1997) 53 Cal.App.4th 15, 27.) The plaintiff bears the burden on appeal to show the trial court erred by sustaining a demurrer. (*Rakestraw*, at p. 43.) "A judgment of dismissal after a demurrer has been sustained without leave to amend will be affirmed if proper on any grounds stated in the demurrer, whether or not the court acted on that ground." (*Carman v. Alvord* (1982) 31 Cal.3d 318, 324.) If we conclude after reviewing a complaint that no liability exists as a matter of law, we must affirm the trial court's order sustaining the demurrer. (*City of Morgan Hill v. Bay Area Air Quality Management Dist.*, *supra*, 118 Cal.App.4th at p. 870.)

II

*Application of the Doctrine of Res Judicata to Bar Cobb's Action*

Cobb contends the trial court erred by concluding the doctrine of res judicata applied to bar his action against Brignoni.

A

In demurring to Cobb's complaint, Brignoni asserted Cobb's entire action was barred by the doctrine of res judicata and, in addition, Cobb's state law claims were barred by his failure to timely file a claim with the appropriate government agency as required by Government Code section 911.2. In support of his demurrer, Brignoni filed a request for judicial notice of certain documents in Cobb's prior federal lawsuit, which was dismissed by the federal district court. He sought judicial notice of Cobb's complaint filed on October 7, 2010, in the United States District Court, Southern Division of California, against Brignoni and other defendants, requesting to proceed in forma

4

pauperis and alleging material facts, and causes of action based on those facts, substantially the same as those alleged in the instant state action.  Brignoni also sought judicial notice of the federal district court's August 9, 2011, order granting Cobb's request to proceed in forma pauperis and then dismissing, pursuant to title 28 United States Code section 1915(e)(2)(B), Cobb's federal lawsuit for failure to state a claim on which relief may be granted.  Brignoni's demurrer argued the federal district court's dismissal of Cobb's prior federal lawsuit was a judgment on the merits of his action and, based on that prior judgment, the doctrine of res judicata applied to bar his instant state action.

Cobb opposed Brignoni's demurrer, arguing he alleged facts sufficient to state a cause of action against Brignoni, and the 2011 federal district court order dismissing his federal lawsuit did not bar his instant action under the doctrine of res judicata.  He argued the federal district court did not have jurisdiction over his federal lawsuit and its dismissal of that lawsuit was without prejudice and not a final judgment on the merits.

Brignoni replied to Cobb's opposition, arguing the doctrine of res judicata applied to bar the instant action because the federal district court order dismissing Cobb's federal lawsuit for failure to state a claim was presumptively with prejudice and was a final judgment on the merits.  On April 4, 2014, the trial court issued its order granting Brignoni's request for judicial notice and sustaining his demurrer to Cobb's complaint without leave to amend.[1]  The court stated:

---

[1]    On April 28, 2015, we granted Brignoni's request that we take judicial notice of the same federal district court documents of which the trial court took notice.

5

"In sustaining the demurrer[,] the Court first finds that the [federal] District Court's order dismissing [Cobb's] complaint . . . constitutes a judgment on the merits implicating the doctrine of res judicata and barring this action. In this regard, the Court rejects [Cobb's] argument that the [federal] District Court lacked jurisdiction pursuant to . . . [Government Code section] 945.3 or that the doctrine of substantiality applies here. Moreover, the Court finds that the [federal] District Court ruling was on the merits and acted as an involuntary dismissal with prejudice. See, e.g., Federal Rule of Civil Procedure 41(b)."

The court also concluded Cobb's state tort claims were untimely. The court denied Cobb leave to amend his complaint because he did not offer any facts or argument regarding how he would amend his complaint to cure the defects. On April 25, the court entered judgment against Cobb.

B

"Res judicata operates as a bar to maintaining a second suit between the same parties or parties in privity with them on the same cause of action. [Citations.] However, where a judgment is not rendered on the merits, it does not operate as a bar. [Citation.] Res judicata precludes piecemeal litigation by splitting a single cause of action or relitigation of the same cause of action on a different legal theory or for different relief." (*Lucas v. County of Los Angeles* (1996) 47 Cal.App.4th 277, 285.) Alternatively stated, "[t]he doctrine of res judicata precludes parties or their privies from relitigating an issue that has been finally determined by a court of competent jurisdiction. [Citation.] 'Any issue necessarily decided in such litigation is conclusively determined as to the parties or their privies if it is involved in a subsequent lawsuit on a different cause of action.' [Citation.] The application of the doctrine in a given case depends upon an affirmative

6

answer to these three questions: (1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? (3) Was the party against whom the plea [of res judicata] is asserted a party to or in privity with a party to the prior adjudication?" (*Levy v. Cohen* (1977) 19 Cal.3d 165, 171 (*Levy*).)

"For purposes of identifying a cause of action under the doctrine of res judicata, 'California has consistently applied the "primary rights" theory, under which the invasion of one primary right gives rise to a single cause of action.' [Citation.] But ' . . . the "cause of action" is based upon the harm suffered, as opposed to the particular theory asserted by the litigant. [Citation.] Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief.' " (*Branson v. Sun-Diamond Growers* (1994) 24 Cal.App.4th 327, 340-341, fn. omitted (*Branson*).)

In the context of demurrers, the California Supreme Court set forth certain rules for the application of the doctrine of res judicata, stating:

> "First, a final judgment, rendered upon the merits by a court having jurisdiction of the cause, is conclusive of the rights of the parties and those in privity with them, and is a complete bar to a new suit between them on the same cause of action. This is the general doctrine of *res judicata*. [Citations.] Second, a judgment not rendered on the merits does not operate as a bar. [Citations.] Third, a judgment based upon the sustaining of a special demurrer for technical or formal defects is clearly not on the merits and is not a bar to the filing of a new action. [Citations.] Fourth, judgments based upon sustaining a general demurrer have given rise to an apparent conflict of decision, and careful distinctions must be drawn between the cases. [Citations.] *A judgment given after the sustaining of a general demurrer on a ground of substance, for*

7

*example, that an absolute defense is disclosed by the allegations of the complaint, may be deemed a judgment on the merits, and conclusive in a subsequent suit; and the same is true where the demurrer sets up the failure of the facts alleged to establish a cause of action, and the same facts are pleaded in the second action.*" (*Goddard v. Security Title Ins. & Guar. Co.* (1939) 14 Cal.2d 47, 51-52, second italics added (*Goddard*).)

In the context of a state action filed after a federal court judgment, one court stated: "California gives full faith and credit to a final order or judgment of a federal court [citation] by 'follow[ing] the rule that the preclusive effect of a prior judgment of a federal court is determined by federal law, at least where the prior judgment was on the basis of federal question jurisdiction.' " (*Nathanson v. Hecker* (2002) 99 Cal.App.4th 1158, 1163.) The California Supreme Court has alternatively stated: "Full faith and credit must be given to *a final order or judgment of a federal court*. [Citations.] Such an order or judgment *has the same effect in the courts of this state as it would have in a federal court*. [Citations.] In the federal jurisdiction, the doctrine of res judicata prevents the readjudication of all matters (including jurisdiction) which were, or might have been, litigated in a prior proceeding between the same parties." (*Levy*, *supra*, 19 Cal.3d at pp. 172-173, italics added.)

C

We conclude the 2011 federal district court order dismissing Cobb's federal lawsuit against Brignoni and other defendants pursuant to title 28 United States Code section 1915(e)(2)(B) is a final order or judgment on the merits, by a court having jurisdiction over that federal lawsuit, and is conclusive of the rights of Cobb and Brignoni and therefore a complete bar under the doctrine of res judicata to Cobb's instant state

8

action against Brignoni, which is based on the same cause of action or "primary right." (*Branson, supra,* 24 Cal.App.4th at pp. 340-341; *Goddard*, *supra*, 14 Cal.2d at p. 51.)  In dismissing Cobb's federal lawsuit, the federal district court relied on its authority under title 28 United States Code section 1915, which governs proceedings in forma pauperis (such as Cobb's federal lawsuit), to dismiss a lawsuit on its own motion if the court determines the action fails to state a claim on which relief may be granted.  (28 U.S.C. § 1915(e)(2) ["[T]he court shall dismiss the case at any time if the court determines that—[¶] . . . [¶] (B) the action or appeal—[¶] . . . [¶] (ii) fails to state a claim on which relief may be granted[.]"].)  The federal district court dismissed Cobb's federal lawsuit against Brignoni because, assuming the truth of all the material facts alleged, it did not state any cause of action on which relief could be granted.

As the People note, a dismissal on that ground is equivalent to a dismissal under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  (See *Barren v. Harrington* (9th Cir. 1998) 152 F.3d 1193, 1194.)  Under rule 12(b)(6) of the Federal Rules of Civil Procedure, a dismissal for failure to state a claim is a dismissal within the meaning of rule 41(b) of the Federal Rules of Civil Procedure and therefore presumably a dismissal with prejudice (unless otherwise expressly stated), and an adjudication on the merits that bars further litigation on the claim alleged.  (*Federated Dept. Stores, Inc. v. Moitie* (1981) 452 U.S. 394, 399, fn. 3; *Nowak v. Ironworkers Local 6 Pension Fund* (2d Cir. 1996) 81 F.3d 1182, 1187-1188; *Bell v. Hood* (1946) 327 U.S. 678, 682 ["[I]t is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction."].)  Also, because

9

federal court dismissals under title 28 United States Code section 1915(e)(2)(B)(ii) and rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim are comparable to dismissals by California courts after sustaining a general demurrer for failure to state a cause of action, the federal court dismissals should have no less res judicata effect than California court dismissals based on the same ground (i.e., failure to state a cause of action). (Cf. *Goddard*, at pp. 51-52 [a judgment after sustaining a general demurrer for failure to state a cause of action is a judgment on the merits and is conclusive in a subsequent suit (i.e., the doctrine of res judicata applies to bar a second suit based on the same primary right).].)

Furthermore, because the federal district court expressly relied on its statutory authority under title 28 United States Code section 1915(e)(2)(B)(ii) to dismiss Cobb's federal lawsuit for failure to state a claim, it necessarily had subject matter jurisdiction over that lawsuit (which alleged both federal and state claims) and therefore had "jurisdiction of the cause" for purposes of the res judicata effect of its order dismissing it. (*Goddard*, *supra*, 14 Cal.2d at p. 51.)

The 2011 federal district court order dismissing Cobb's federal lawsuit also became a "final" order on its issuance, regardless of whether Cobb appealed that decision.[2] "In federal courts, a district court [order or] judgment is 'final' for purposes of res judicata." (*Orion Tire Corp. v. Goodyear Tire & Rubber Co.* (9th Cir. 2001) 268 F.3d

---

2    Because there is nothing in the record showing Cobb appealed the federal district court's order dismissing his federal lawsuit, we presume he did not do so and that the 2011 order was never reversed by a reviewing court.

1133, 1135, fn. 2.)  A federal district court order or judgment is final even during the pendency of an appeal (at least until such time as it may be reversed).  (*Sosa v. DIRECTV, Inc.* (9th Cir. 2006) 437 F.3d 923, 928.)  Furthermore, "[a] federal [district court] judgment [or order] is final in California courts as it would be in federal courts [citation] . . . ."  (*Calhoun v. Franchise Tax Bd.* (1978) 20 Cal.3d 881, 887.)

California courts give full faith and credit to final orders and judgments of federal courts.  (*Levy*, *supra*, 19 Cal.3d at pp. 172.)  Therefore, the 2011 federal district court order dismissing Cobb's federal lawsuit has the same res judicata effect in California courts as it would have in federal courts (i.e., the doctrine of res judicata prevents the readjudication of all matters that were, or might have been, litigated in that prior federal court proceeding between Cobb and Brignoni).  (*Id*. at p. 173; cf. *Cieszkowska v. Gray Line New York* (2002) 295 F.3d 204, 205-206 [the doctrine of res judicata applied to bar a second in forma pauperis federal lawsuit because the plaintiff's first in forma pauperis federal lawsuit on the same claim was dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)].)

Because Cobb's instant action alleged the same harm, or invasion of the same primary right, as alleged in his prior federal lawsuit that the federal district court dismissed in 2011 for failure to state a claim, the doctrine of res judicata applies to preclude those same claims alleged in the instant action.  (*Branson*, *supra*, 24 Cal.App.4th at pp. 340-341; *Lucas v. County of Los Angeles*, *supra*, 47 Cal.App.4th at p. 285; *Goddard*, *supra*, 14 Cal.2d at pp. 51-52; *Levy*, *supra*, 19 Cal.3d at pp. 172-173.)

11

The trial court correctly sustained Brignoni's general demurrer to Cobb's complaint without leave to amend and entered judgment against Cobb.[3]

D

We are unpersuaded by Cobb's argument that the trial court erred by applying the doctrine of res judicata to bar his action against Brignoni. Contrary to Cobb's assertion, Government Code section 945.3 did not preclude the federal district court from having jurisdiction over his federal lawsuit claims. Because of the federal supremacy clause, that statute does not prohibit a plaintiff from filing a title 42 United States Code section 1983 action while a criminal action may be pending against that plaintiff. (*Harding v. Galceran* (9th Cir. 1989) 889 F.2d 906, 908; cf. *Williams v. Horvath* (1976) 16 Cal.3d 834, 842 [the federal supremacy clause precludes the application of California claim presentation requirements to bar federal actions (i.e., 42 U.S.C. § 1983 actions)].)

Likewise, the substantiality doctrine does not apply to bar the application of the doctrine of res judicata in the circumstances of this case. Under that doctrine, a federal district court lacks subject matter jurisdiction if the question presented is too insubstantial to consider. (*Hagans v. Lavine* (1974) 415 U.S. 528, 536-539; *Oneida Indian Nation v. County of Oneida* (1974) 414 U.S. 661, 666-667.) However, the cases cited by Cobb are inapposite because the 2011 federal district court order in this case was not based on the

---

[3] Because Cobb made no substantive effort either below or on appeal to suggest amendments to his complaint that would have avoided application of the doctrine of res judicata and stated a valid cause of action, we need not, and do not, address the question of whether the trial court may have abused its discretion by not granting him leave to amend his complaint.

insubstantiality of Cobb's federal lawsuit, but instead on its failure to state a claim on which relief may be granted within the meaning of title 28 United States Code section 1915(e)(2)(B)(ii). Therefore, the federal district court had, and exercised, subject matter jurisdiction in dismissing Cobb's federal lawsuit and the doctrine of res judicata bars his instant state action.

We also reject Cobb's assertion the doctrine of res judicata cannot apply to bar the instant action because the federal district court did not have personal jurisdiction over Brignoni and therefore lacked jurisdiction to dismiss his federal lawsuit with prejudice. Cobb does not cite any documents in the record on appeal that support his assertion. Absent any definitive documentation in the record on appeal, we presume the federal district court had jurisdiction, both subject matter and personal, over Cobb's federal lawsuit that was not dismissed until 10 months after it was filed.[4] Cobb has not carried his burden on appeal to show otherwise. In any event, the federal district court dismissed Cobb's federal lawsuit based on its subject matter jurisdiction and authority to do so under title 28 United States Code section 1915(e)(2)(B)(ii), which does not require the court to have personal jurisdiction over the defendant before it can dismiss sua sponte a federal in forma pauperis lawsuit for failure to state a claim on which relief may be

---

[4]    We would generally expect a reasonable plaintiff to serve a copy of a summons and complaint on a defendant shortly after its filing and long before 10 months after its filing. That would especially be the case when a defendant is easily located and amenable to service, presumably such as a state government employee like Brignoni.

13

granted.[5]  Because we must give full faith and credit to final federal court orders and judgments, we cannot consider Cobb's collateral challenge of the federal district court's jurisdiction when it exercised its statutory authority to dismiss his federal lawsuit for failure to state a claim.  Therefore, Cobb has not carried his burden on appeal to show the trial court erred by applying the doctrine of res judicata to bar his instant state action.  None of the cases cited by Cobb are apposite to this case or otherwise persuade us to reach a contrary conclusion.

III

*California Tort Claims Act*

Although because of our conclusion above we need not address Cobb's additional contention that the trial court also erred by concluding his state causes of action were barred by his failure to timely file a claim with the appropriate government entity as required by the California Tort Claims Act (Gov. Code, § 900 et seq.), we nevertheless briefly address that issue.  Contrary to Cobb's belief, Government Code section 945.3 does not toll a plaintiff's requirement to timely file a claim with a government entity under the California Tort Claims Act, but only tolls the period during which such a plaintiff can thereafter file a civil action in a state court.  Government Code section 945.3 provides in pertinent part:

> "No person charged by . . . information . . . or other accusatory
> pleading charging a criminal offense may bring a civil action for

5      Cobb wrongly asserts the federal district court dismissed his federal lawsuit for lack of jurisdiction.

14

money or damages against a peace officer or the public entity employing a peace officer based upon the conduct of the peace officer relating to the offense for which the accused is charged . . . while the charges against the accused are pending before a superior court.

"Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a superior court. [¶] . . . [¶]

"*Nothing in this section shall prohibit the filing of a claim with the board of a public entity, and this section shall not extend the time within which a claim is required to be presented pursuant to Section 911.2.*"  (Italics added.)

The italicized paragraph above was added by the Legislature by amendment in 1983.

(See Historical and Statutory Notes, 32A Pt. 1A West's Ann. Gov. Code (2010 ed.) foll.

§ 945.3, p. 14.)  Therefore, by its express terms, Government Code section 945.3 did not

either preclude Cobb from filing a claim pursuant to Government Code section 911.2 of

the California Tort Claims Act or, contrary to his assertion, toll the applicable period

during which his claim was required to be filed.

Government Code section 911.2, subdivision (a), provides that a claim relating to

a cause of action for injury to person shall be presented to the government entity no later

than six months after accrual of the cause of action and any other cause of action shall be

presented no later than one year after the accrual of the cause of action.  In this case,

Cobb's alleged injury or injuries, and cause(s) of action based thereon, accrued on or

about the time of his alleged unlawful traffic stop by Brignoni on October 11, 2008.

However, he did not file a claim with the California Victim and Compensation and

Government Claims Board until September 21, 2012, almost four years later.  Because

15

Cobb did not file a claim within the time period required by Government Code section 911.2, the trial court correctly concluded his state claims were barred by that failure.

DISPOSITION

The judgment is affirmed.

McDONALD, J.

WE CONCUR:

HUFFMAN, Acting P. J.

O'ROURKE, J.