Filed 3/11/16  Lucas v. Wells Fargo Bank CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| HENDRICK LUCAS, | |
| Plaintiff and Appellant, | E061065 |
| v. | (Super.Ct.No. MCC1301512) |
| WELLS FARGO BANK, N.A., | O P I N I O N |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Thomas A. Peterson, Judge.  (Retired judge of the Los Angeles Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Hendrick Lucas, in pro. per., for Plaintiff and Appellant.

Anglin Flewelling Rasmussen Campbell & Trytten, Robert Collings Little and Robin C. Campbell for Defendant and Respondent.

Plaintiff and appellant, Hendrick Lucas, sued defendant and respondent, Wells Fargo Bank, NA (WFB), alleging several causes of action based on the unlawful

1

foreclosure sale of his property located at 41102 Lomar Circle in Temecula. The trial court sustained WFB's general demurrer, without leave to amend, and dismissed the complaint with prejudice on the ground it was barred by res judicata.

In a prior lawsuit, dismissed with prejudice in September 2012 before the present action was filed in October 2013, Lucas sued WFB in several causes of action based on the same primary right underlying his present complaint: the alleged wrongful foreclosure sale of his Lomar Circle property.

Lucas appeals the judgment of dismissal in the present action, claiming the present complaint is not barred by res judicata because it alleges different theories of recovery and facts not alleged in the prior action. We agree that the complaint is barred by res judicata, and affirm the judgment of dismissal.[1]

## I. FACTS AND PROCEDURAL BACKGROUND

A. *The Nonjudicial Foreclosure Proceedings*

In 2008, Lucas obtained two loans from WFB totaling $717,432 and secured by first and second deeds of trust on residential property located at 41102 Lomar Circle, Temecula. In 2009, Lucas defaulted on the loans, causing the trustee under the deeds of trust to record a notice of default and, later, a notice of sale. On October 5, 2009, Lucas filed for bankruptcy, but his bankruptcy petition was dismissed on October 26, 2009.

---

[1] In an appeal by Lucas in an unrelated case, No. E061178, we affirm a judgment in Riverside County Superior Court case No. RIC1301701, dismissing Lucas's complaint against JP Morgan Chase, N.A. (JPMC) on the ground it is barred by res judicata. Lucas twice sued JPMC and WFB, in separate, successive actions, for their alleged wrongful foreclosure of deeds of trust on two separate Temecula properties Lucas owned.

On October 13, 2010, Lucas and his wife recorded two documents titled "Assignment," granting, assigning, and transferring to "Marcia Willardson, Spiritual Alliances Corporation Sole," all "existing right and interest" under the two deeds of trust securing Lucas's two WFB loans.

On December 6, 2010, the trustee under the deeds of trust conducted a trustee's sale of the Lomar Circle property, and sold the property to WFB, the foreclosing beneficiary, for $247,447. The unpaid secured debt at the time of the sale, together with costs, was $606,368.56. WFB subsequently sold the property to a third party, Amnon Yadin, on August 26, 2011.

B. *The Prior Action (RIC 1110200)*

In June 2011, Lucas filed his first lawsuit against WFB, titled *Lucas v. Wells Fargo Bank,* in the Riverside County Superior Court, case No. RIC1110200 (the prior action). In June 2012, Lucas filed a second amended complaint (SAC) in the prior action, alleging a single cause of action titled "Set Aside Default."

The SAC sought to void the December 6, 2010, trustee's sale of the Lomar Circle property to WFB based, among other things, on allegations that the sale was void because no public auction was conducted when WFB purchased the property at the trustee's sale. (Civ. Code, § 2924g, subd. (a).) The SAC also alleged that WFB wrongfully resold the property to Yadin, in August 2011, without informing Yadin that Lucas filed the prior action and had a claim to the property. The SAC sought the return of the property to Lucas, along with statutory, compensatory, and punitive damages, and other relief.

3

WFB answered the SAC and moved for judgment on the pleadings. In September 2012, the court in the prior action granted the motion, dismissed the prior action with prejudice, and entered judgment in favor of WFB. Lucas did not appeal from the judgment of dismissal in the prior action. By the time he filed the present action in October 2013, the time for appealing from the judgment in the prior action had passed. (Cal. Rules of Court, rule 8.104.)

One of the grounds asserted in WFB's motion for judgment on the pleadings in the prior action was that Lucas lacked standing to sue WFB for his foreclosure-related claims because he assigned his rights under the deeds of trust to Willardson in October 2010, before WFB purchased the property at the December 2010 trustee's sale.

In an apparent effort to restore his standing, in September 2012, Lucas accepted an assignment from Willardson of part of Willardson's interest under the deeds of trust, though the December 2010 foreclosure sale had already occurred.

C. *The Present Action (MCC1301512)*

In October 2013, Lucas filed the present complaint. It alleges five causes of action titled "fraudulent misrepresentation," "negligent misrepresentation," "fraud by deceit," "intentional infliction of emotional distress," and "violations of [Civil Code section] 2923.55 et seq." Like the SAC, the present complaint seeks to void the trustee's sale of the Lomar Circle property to WFB and alleges, among other things, that no public auction was conducted at the time of the trustee's sale.

WFB demurred to the complaint on several grounds, including that it was barred by res judicata. At a February 14, 2014, hearing, the trial court agreed that the complaint against WFB was barred by res judicata, sustained the demurrer without leave to amend, and issued an order dismissing the complaint against WFB, with prejudice. (Code Civ. Proc., § 581d.) Lucas appealed.[2]

## II. ANALYSIS

A. *Standard of Review*

On appeal from a judgment dismissing a complaint following the sustaining of a general demurrer, we review the complaint de novo to determine whether it alleges facts

---

[2] On January 26, 2015, we denied Lucas's motion to augment the record on appeal with 12 items, on the grounds that six of the items were already part of the record on appeal and the other six items were not, apparently, presented to the trial court. Then, on February 19, 2015, Lucas requested that we take judicial notice of the same 12 items. WFB opposes the request, and we deny it in its entirety. Again, six of the items are already part of the record on appeal and to that extent the request is moot. Regarding the other six items, we not required to take judicial notice of matters not presented to the trial court (*Brosterhous v. State Bar* (1995) 12 Cal.4th 315, 325) and generally will not do so absent exceptional circumstances (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3). No exceptional circumstances appear here. Indeed, the six items appear to be records from the prior action, including Lucas's opposition to WFB's motion for judgment on the pleadings, but Lucas has not explained why he did not present the records to the trial court for its consideration in ruling on WFB's demurrer to the complaint in the present action. (*In re Zeth S.* (2003) 31 Cal.4th 396, 405 ["It has long been the general rule and understanding that 'an appeal reviews the correctness of a judgment as of the time of its rendition, upon a record of matters which were before the trial court for its consideration.'"].) In any event, none of the records are either necessary or helpful to Lucas's claims on this appeal. (*People ex. rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 422, fn. 2 [a precondition to the taking of judicial notice in either its mandatory or permissive form is that the matter must be relevant to a material issue].)

sufficient to state a cause of action under any legal theory. (*Landmark Screens, LLC v. Morgan, Lewis & Bockius, LLP* (2010) 183 Cal.App.4th 238, 243-244.)

In determining whether the complaint states a cause of action, we assume the truth of all material facts properly pleaded, but not factual contentions or legal conclusions; we give the complaint a reasonable interpretation by reading it as a whole and its parts in their context; and we consider matters which may or must be judicially noticed, but we disregard any allegations that are contrary to law or judicially noticeable facts. (*C.R. v. Tenet Healthcare Corp.* (2009) 169 Cal.App.4th 1094, 1102.)

The judgment of dismissal will be affirmed if it is proper on any ground stated in the demurrer. (*Mission Oaks Ranch, Ltd. v. County of Santa Barbara* (1998) 65 Cal.App.4th 713, 721.) If, however, the plaintiff shows a reasonable possibility that the complaint can be amended to state a cause of action, we reverse; if not, we affirm. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

B. *Res Judicata/Overview*

""""The doctrine of res judicata rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent. Public policy and the interest of litigants alike require that there be an end to litigation.""" [Citation.] '[R]es judicata benefits both the parties and the courts because it "seeks to curtail multiple litigation causing vexation and expense to the *parties* and wasted effort

6

and expense in *judicial administration*.'"  [Citation.]"  (*Villacres v. ABM Industries Inc.* (2010) 189 Cal.App.4th 562, 575.)

"Under the doctrine of res judicata, a valid, final judgment on the merits is a bar to a subsequent action by parties or their privies on the same cause of action.  [Citation.]  In California, a 'cause of action' is defined by the 'primary right' theory.  'The most salient characteristic of a primary right is that it is indivisible:  the violation of a single primary right gives rise to but a single cause of action.'  [Citation.]  In particular, the primary right theory provides that a cause of action consists of (1) a primary right possessed by the plaintiff, (2) a corresponding duty devolving upon the defendant, and (3) a delict or wrong done by the defendant which consists of a breach of the primary right.  [Citation.] '"If the matter was within the scope of the action, related to the subject matter and relevant to the issues, so that it *could* have been raised, the judgment is conclusive on it . . . .  The reason for this is manifest.  A party cannot by negligence or design withhold issues and litigate them in consecutive actions.  Hence the rule is that the prior judgment is res judicata on matters which were raised or could have been raised, on matters litigated or litigable. . . ."'"  (*Amin v. Khazindar* (2003) 112 Cal.App.4th 582, 589-590.)

"The fact that different forms of relief are sought in the two lawsuits is irrelevant, for if the rule were otherwise, 'litigation finally would end only when a party ran out of counsel whose knowledge and imagination could conceive of different theories of relief based upon the same factual background.'  [Citation.]  . . .  '. . . [U]nder what circumstances is a matter to be deemed decided by the prior judgment?  Obviously, if it is

7

actually raised by proper pleadings and treated as an issue in the cause, it is conclusively determined by the first judgment. But the rule goes further. If the matter was within the scope of the action, related to the subject-matter and relevant to the issues, so that it could have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged. . . . ". . . [A]n issue may not be thus split into pieces. If it has been determined in a former action, it is binding notwithstanding the parties litigant may have omitted to urge for or against it matters which, if urged, would have produced an opposite result . . . .""" (*Interinsurance Exchange of the Auto. Club v. Superior Court* (1989) 209 Cal.App.3d 177, 181-182, italics omitted.)

"'In California the phrase "cause of action" is often used indiscriminately . . . to mean *counts* which state [according to different legal theories] the same cause of action . . . .' [Citation.] But for purposes of applying the doctrine of res judicata, the phrase 'cause of action' has a more precise meaning: The cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced. [Citation.] . . . '[T]he "cause of action" is based upon the harm suffered, as opposed to the particular theory asserted by the litigant. [Citation.] Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief. "Hence a judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though [the plaintiff] presents a different *legal ground* for relief." [Citation.]' Thus, under the primary rights theory, the determinative factor is the harm

suffered.  When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right." (*Boeken v. Philip Morris USA, Inc*. (2010) 48 Cal.4th 788, 798.)

"As far as its content is concerned, the primary right is simply the plaintiff's right to be free from the particular injury suffered.  [Citation.]  It must therefore be distinguished from the *legal theory* on which liability for that injury is premised:  'Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief.'  [Citation.]  The primary right must also be distinguished from the *remedy* sought:  'The violation of one primary right constitutes a single cause of action, though it may entitle the injured party to many forms of relief, and the relief is not to be confounded with the cause of action, one not being determinative of the other.'" (*Crowley v. Katleman* (1994) 8 Cal.4th 666, 681-682.)

## C.  *Res Judicata Bars the Present Action and Complaint*

"Res judicata bars a cause of action that was or could have been litigated in a prior proceeding if '(1) the present action is on the same cause of action as the prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the parties in the present action or parties in privity with them were parties to the prior proceeding.  [Citation.]'  [Citation.]" (*Federal Home Loan Bank of San Francisco v. Countrywide Financial Corp.* (2013) 214 Cal.App.4th 1520, 1527.)

All three elements of res judicata are present here.  First, the parties to the present action, Lucas and WFB, were parties to the prior action.  Second, the complaint in the

present action and the SAC in the prior action are based on the same "cause of action" or claim of right: the alleged wrongful foreclosure under the deeds of trust and the trustee's sale of the Lomar Circle property to WFB in December 2010. Third, the prior action resulted in a final judgment on the merits, simply because it was dismissed *with prejudice*.

"[F]or purposes of applying the doctrine of res judicata . . . a dismissal with prejudice is the equivalent of a final judgment on the merits, barring the entire cause of action. [Citations.] . . . 'The statutory term "with prejudice" clearly means the plaintiff's right of action is terminated and may not be revived . . . [A] dismissal with prejudice . . . bars any future action on the same subject matter.'" (*Boeken v. Phillip Morris USA, Inc.*, *supra*, 48 Cal.4th at p. 793.) As noted, Lucas did not appeal from the judgment in the prior action.

Lucas claims res judicata does not bar the present action against WFB because the prior action was not adjudicated on its merits. He asserts that the motion for judgment on the pleadings in the prior action was granted based on his lack of standing to sue WFB, and a dismissal based on lack of standing to sue is not an adjudication of a case on its merits. He relies on *Hollingsworth v. Perry* (2013) ___ U.S. ___ [133 S.Ct 2652] for the proposition that a dismissal of an action based on a party's lack of standing to sue is not an adjudication of the merits of the case. The high court in *Perry* held that the "official proponents" of California's Proposition 8, a voter initiative, did not have standing, under article III of the federal Constitution, to appeal the federal district court order declaring

10

that Proposition 8 violated the federal Constitution.  (*Hollingsworth v. Perry*, *supra*, 133 S.Ct. at pp. 2662-2668.)  As Lucas points out, the high court declared early in its opinion that "[b]ecause we find that petitioners do not have standing, *we have no authority to decide this case on the merits . . . .*"  (*Id.* at p. 2659, italics added.)  To be sure, *Perry* did not reach the merits of the proponents' claim that Proposition 8 was constitutional.  But *Perry* is inapposite because, unlike the present case, it did not involve the application of res judicata or claim preclusion to a *second action* between the same parties based on the same primary right under California law.

Lucas further claims res judicata does not apply to the present complaint against WFB because his prior action against WFB was *erroneously* dismissed based on his lack of standing to sue.  Again, Lucas is mistaken.  A final judgment of dismissal in a prior action is not subject to collateral attack in a subsequent action, unless the court in the prior action lacked "fundamental jurisdiction [i.e. of the person and subject matter] . . . ." (*In re Marriage of Maxfield* (1983) 142 Cal.App.3d 755, 760-761.)  In other words, when the error in a judgment "does not reach the *power* of the court to act, but concerns instead a mistaken application of law," the judgment may not be collaterally attacked in a subsequent action.  (*Armstrong v. Armstrong* (1976) 15 Cal.3d 942, 950-951; see also *Pacific Mut. Life Ins. Co. v. McConnell* (1955) 44 Cal.2d 715, 727-728.)  Here, the court in the prior action ostensibly had jurisdiction over the parties and the subject matter.  Thus, the judgment in the prior action may not be collaterally attacked regardless of

11

whether the prior action was erroneously dismissed based on Lucas's lack of standing to sue WFB.

Our state Supreme Court's recent decision in *Yvanova v. New Century Mortgage Corp.* (Feb. 18, 2016, S218973) ___ Cal.4th ___ [2016 Cal. Lexis 956] does not assist Lucas. There, the court narrowly held that, in an action for the wrongful, nonjudicial foreclosure of a deed of trust securing a home loan, the borrower has standing to challenge the assignment of the note and deed of trust based on defects allegedly rendering the assignment void.

Unlike the present action case, *Yvanova* did not involve a second action that was barred by res judicata based on a prior action involving the same parties, in which the plaintiff asserted injury to the same primary right he or she asserted in the second action. Here, for the reasons discussed, the judgment of dismissal in the prior action is final, and Lucas cannot collaterally attack that judgment regardless of the reasons the action was dismissed, or erroneously dismissed.

Further, the court in the prior action concluded that Lucas lacked standing to sue for wrongful foreclosure because he had transferred his interest under the foreclosing deed or deeds of trust. In the prior action, Lucas did not assert that the foreclosure sale was void based on alleged defects in an assignment of beneficial interest under the foreclosing deed of trust. Because such a claim "was within the scope of the [prior] action, related to the subject matter and relevant to the issues, so that it could have been raised," the judgment in the prior action is conclusive on it even though it was not urged

12

in the prior action. (*Interinsurance Exchange of the Auto. Club v. Superior Court*, *supra*, 209 Cal.App.3d at pp. 181-182, italics omitted.)

Lastly, Lucas claims the trial court abused its discretion in denying him leave to amend his complaint because he demonstrated a reasonable probability that it could be amended to state a cause of action against WFB. (*Blank v. Kirwan*, *supra*, 39 Cal.3d at p. 318; *Goddard v. Security Title Ins. & Guar. Co.* (1939) 14 Cal.2d 47, 53 [a demurrer sustained based on technical or formal defects in a complaint, curable by amendment, is not a judgment on the merits].) We disagree. The defects in the present complaint are not curable "defects of form," as Lucas asserts. For the reasons explained, the present complaint is barred by res judicata, and it cannot be amended to state *any* cause of action against WFB based on the alleged wrongful foreclosure and trustee's sale of the Lomar Circle property to WFB.

### III.  DISPOSITION

The judgment of dismissal is affirmed. WFB shall recover its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____
                                        P. J.


We concur:

McKINSTER _____
                        J.

MILLER _____
                        J.

13